Judge Buckner
delivered the opinion of the Court.
At the March term of the Montgomery circuit court, in the year 1826, the Bank of Kentucky recovered judgment against Howard* Fletcher and Harrison, for $'790, with interest and costs, who prayed an appeal, which was granted, upon their entering into bond with A. G. Harrison and M. V. Harrison as their sureties. The bond was accordingly executed, by the sureties alone, conditioned to pay, &c. “in case said judgment shall be affirmed in. said court of appeals.” For a failure to prosecute the appeal, it was dismissed, upon the motion of the appellees, in the court of appeals, with damages and costs; arjd, thereupon, the bank instituted théir action of debt against the sureties, upon the appeal bond, and recovered a verdict and judgment, to reverse which, they prosecute this writ of error.
It is unnecessary to notice the pleadings and points submitted during the progress of the case in the circuit court, as the sole object of them was, to present two points: 1st. Whether the dismission of the appeal, in this court, was such an affirmance, in the meaning and legal import of the condition of the bond sued on, as to render the obligors therein, liable? and, whether such a bond, executed by sureties only, was valid ?
According to a rigidly literal construction of the language employed in the condition, some doubt might be entertained, as to the first point; but it is clear, that such a construction would defeat the main object of the law, in requiring the execution of an appeal bond. Were it indulged in, no case of suit, on such bond, where, in taking it, the words of the act on that subject, had been pursued, could a recovery be effected, if the obligors therein thought proper to defeat it. The condition of an appeal bond, as prescribed by the act of the legislature, entitled, “an act establishinglhe court of appeals,” should be “for the .d.ne prosecution of the appeal.” Appeals might be *376 and doubtless are, in many case's, prosecuted, with the most unabated vigilance, in cases where there are not the slightest foundations for hopes of success, and has it ever been doubted, that upon the affirmance in this court, of the judgment of the inferior court, in such cases, the obligors in the bond were liable?
Dismission of appeal, for want of prosecution, virtual affirmance of judgment below, and renders obligors, in appeal bond, liable.
Appeal bond, entered into by sureties only, is obligatory on them. For principal would not be further bound by such bond, than without it.
]tn the case of Moore vs. Gorin, It. Litlell, 186, the ■condition of the bond was, that the appellant “should prosecute the appeal with effect.” And this court, in delivering the opinion in that case, said, that the intention of the legislature was not to prescribe the precise condition of an appeal bond, but merely to declare the general object or purpose for which it was to be given, and denied that the condition of the bond which was then under'consideration, was more extensive, than a fair exposition of the law would justify.
The main, if not the only object in requiring an appeal bond, is to secure to the plaintiff in the judgment, the payment of such judgment, with costs and damages, when awarded, unless it should be reversed by the appellate court; and to attain that object, such must be considered to be its legal effect, in every case, where it has been executéd in the words of the act, or in other words substantially the same. In such cases wre must remember that, llqid hwret in litem, hwret in cortice;n we must regard substance and not form, or the law will have been in vain; and under that view of it, the dismission must be considered as a virtual affirmance of the judgment. A different interpretation of the law, Would lead to- fraud and injustice, subjecting creditors, in many instances, to the entire loss of their debts. Appeals would be taken without an expectation of successful prosecution, by principals, and the bonds entered into by sureties, without the fear of responsibility.
The second ground is not more tenable. That an appeal bond entered into by sureties only, is obligatory on them, cannot, we think, be reasonably doubted. The principal would not be further bound ,by such bond, than without it. See Hardin, 149. ,
Triplett, for plaintiffs; Crittenden, for defendants.
The judgment of the circuit court must, therefore, be affirmed, with costs and damages.