## Seabrook et al. vs. The State.

PRACTICE: *Where defendant fails to prosecute appeal.*

Where an appeal bond is given and the defendant fails to prosecute his appeal within the time prescribed by law, it is proper, if the plaintiff desires to proceed against the sureties on the appeal bond, to file a transcript of the case in this court, and have the judgment affirmed.

APPEAL from *Jefferson* Circuit Court.

Hon. HENRY B. MORSE, Circuit Judge.

*J. A. Williams*, for appellants.

*T. D. W. Yonley*, Attorney General, for appellee.

BENNETT, J. At the June term of the Jefferson county criminal court, for the year 1871, B. W. Seabrook was indicted for exhibiting a gambling device. Upon the trial, a judgment was awarded the state for the sum of one hundred dollars. From this judgment Seabrook prayed an appeal, and executed an appeal bond with James M. Portis and J. W. M. Murphy as securities. In April, 1873, the criminal court of Jefferson county was abolished by the general assembly, and jurisdiction in criminal matters for the county was restored to the circuit court.

At the June term for the year 1873, the prosecuting attorney presented the appeal bond given in the criminal court, without any notice to principal or securities, and the court

rendered judgment for one hundred dollars against them. From this judgment the defendants have appealed.

The circuit court erred in rendering the judgment. The record shows that no appeal was prosecuted on the original suit, the judgment of which was superseded by this bond. Seabrook should have prosecuted his appeal within ninety days after it was granted; if he neglected to do so, the state could only have recovered upon the original judgment against him. Before proceeding upon the appeal bond it is proper, upon failure of the defendant to prosecute his appeal, for the state to file a transcript of the case in this court, and have the judgment affirmed, then the appellant and his securities will be liable for the judgment.

The court below undoubtedly founded its action on the agreement of Seabrook to take the decision in another case as the decision in his case. While this agreement might be held to be good and binding upon Seabrook, it would not be as to his securities, as it does not appear that they were parties to it. Their agreement in the bond was to abide by the decision of this court in that case, and inasmuch as no such decision had been rendered in that case, they were not bound upon the bond.

Judgment reversed and cause remanded, with instruction to the prosecuting attorney to send to this court a transcript in the original cause.