CASE 90.—ACTION BY THE COMMONWEALTH AGAINST B.
F. FRENCH IN WHICH IT IS SOUGHT TO COL-
LECT DAMAGES ON A FINE* AGAINST FRENCH
WHICH HAD BEEN REMITTED BY THE GOV-
ERNOR.—December 3.

# Commonwealth v. French

Appeal from Clark Circuit Court.

JAMES M. BENTON, Circuit Judge.

The Commonwealth appeals from a judgment dis-
missing its claim interposed on defendants motion to
vacate a judgment against him.—Reversed.

1.  Pardon—Effect—Release of Fees.—Under Const., section 77,
    giving the Governor power to remit fines and forfeitures, a
    Governor's pardon does not relieve the debtor from the fees
    attaching on rendition of judgment, which, under Ky. Stats.,
    1903, sections 124, 133, 2286, are to be divided between the
    county attorneys, the trustee of the jury fund, and the clerks
    of the circuit courts, but such liability can only be defeated
    by vacation or the reversal of the judgment.
2.  Fines—Definition.—A "fine" is a pecuniary punishment im-
    posed by a lawful tribunal upon a person convicted of a
    crime or misdemeanor.
3.  Authority—Remission of Fines and Forfeitures.—Damages
    awarded on affirmance of a judgment for contempt are
    neither a fine nor forfeiture, within Const. section 77, author-
    izing the Governor to remit fines and forfeitures.
4.  Forfeitures—Definition.—A "forfeiture" is a penalty imposed
    for misconduct or breach of duty, and in criminal practice
    arises most frequently in proceedings upon bail bonds and
    recognizances, the terms of which have been violated.
5.  Costs—Costs on Appeal—Affirmance—Damages.—Damages are
    assessed against appellant on affirmance as a penalty for de-
    laying termination of the litigation, and for delaying satis-
    faction of the successful litigant's claim.

Commonwealth v. French.

6. District and Prosecuting Attorneys—Fees—When Entitled to.
—Ky. Stats., 1903, section 124, 133, fixing the fees of Com-
monwealth and county attorneys at a specified percentage of
fines and forfeitures recovered in their courts, gives them
no interest in damages awarded on affirmance of a judgment
in favor of the Commonwealth.

7. Clerks of Courts—Fees—When Entitled to.—The statute fix-
ing the fees of the clerk of the circuit court at 10 per cent.
of all fines and forfeitures recovered in his court gives him
no interest in damages awarded on affirmance of a judgment
for the Commonwealth.

8. Jury—Trustee of Jury Fund—Fees.—Ky. Stats., 1903, section
2286, allowing the trustee of the jury fund 3 per cent. of
fines and forfeitures collected for the Commonwealth, gives
him no interest in damages awarded on affirmance of a
judgment for the Commonwealth.

9. Pardon—Authority—Power to Remit Fines and Forfeitures.—
Under Const., section 77, authorizing the Governor to remit
fines and forfeitures, he can relieve no one from the payment
of a debt or obligation due the state, unless it be in satisfac-
tion of a fine or forfeiture.

JAS BREATHITT, Attorney General, and Tom B. McGREGOR,
Assistant Attorney General, for Commonwealth.

J. J. C. BACH and J. M. STEVENS for apellee.

OPINION OF THE COURT BY JUDGE LASSING—Revers-
ing.

A judgment was rendered against appellee in the
Clark circuit court for $5,000 for contempt. An ap-
peal was prosecuted from that judgment, and upon
consideration here the judgment was affirmed with
damages. Thereafter the Governor issued a pardon
to appellee whereby he remitted all of said judgment
except commissions, fees, and costs. Appellee filed
this pardon with the clerk of the Clark circuit court,
and paid to the trustee of the jury fund for Clark
county the full amount of commission due the Com-
monwealth's attorney for that disrict the county at-

torney and the circuit court clerk for said county, and
the trustee of the jury fund for that court, and in
addition paid all of the costs of the suit, but he paid
no part of the $500 damages. Four days thereafter,
on motion of the Commonwealth, a judgment was
rendered against appellee for the $500 damages.
Later, appellee appeared in court and moved that this
judgment be set aside, and, over the objection of the
Commonwealth's attorney, he was permitted to file an
answer, in which he set up the facts above enumer-
ated, claiming that he was, by reason of the pardon,
absolved from all liability on account of the damages
assessed on the affirmance of the judgment on ap-
peal. A demurrer to this answer was overruled, and,
the commonwealth declining to plead further, the
court dismissed its claim, and the case is here on
appeal from that ruling.

The judgment for the fine has been settled in full,
and the only question now before us is the right of the
Governor to remit the claim of the Commonwealth for
damages. It is the contention of appellee that by rea-
son of the pardon all of said claim for damages has
been satisfied and discharged, while for the Common-
wealth it is insisted that it is a part of the fine, and
that only the State's part was satisfied by the pardon,
and that the commissions going to the court officers
are still unsatisfied and could not be remitted by the
governor. The authority of the Governor to remit
fines and grant pardons is found in section 77 of the
Constitution, which is as follows: "He shall have
power to remit fines and forfeitures, commute sen-
tences, grant reprieves and pardons, except in case of
impeachment, and he shall file with each application
therefor a statement of the reasons for his decision
thereon, which application shall always be open to

inspection. In cases of treason he shall have power to grant reprieves until the end of the next General Assembly, in which the power of pardoning shall be vested; but he shall have no power to remit the fees of the clerk, sheriff or Commonwealth's attorney in penal or criminal cases.'' The fees of Commonwealth's attorney are fixed by section 124, Ky. Stats., 1903, at ''fifty per centum of all judgments for fines and forfeitures rendered in favor of the Commonwealth¦ in the several courts of his district, and this shall be in lieu of all taxed fees and perquisites; but he shall not be paid or receive any part of said per centum from the treasury except upon such proportion of the fines and forfeitures as have been collected and paid into the State treasury, and not until so collected and paid, unless that portion belonging to the Commonwealth shall be remitted by the Governor.'' The fees of the clerk are fixed at 10 per cent of all fines and forfeitures recovered in their respective courts, and paid into the State treasury, but not until so paid in. Section 133 of the Kentucky Statutes of 1903, fixes the compensation of the county attorney in all cases in the circuit court in which the Commonwealth is interested, and in which he assists in the prosecution, at 25 per cent of the judgments for fines and forfeitures rendered in favor of the Commonwealth. Section 2286, Ky. Stats, 1903, makes it the duty of the trustee of the jury fund to collect all fines and forfeitures in favor of the Commonwealth, and section 2290, Ky. Stats., 1903, fixes his compensation at 3 per cent of the amount so collected. All of these fees attach immediately upon the rendering of the judgment, and the several officers can not be deprived thereof except the judgment be vacated or reversed. Th Governor's pardon can not relieve the debtor of

the payment of these fees, but only of the excess, to-wit, the 12 per cent.

The first question to be determined is, whether or not the $500 in litigation is either a fine or a forfeiture. Unless it is one or the other, the Governor has no power to remit it, or any part thereof, for the reason that the Governor is limited in the exercise of his pardoning power to the remission of judgments for fines and forfeitures. Bouvier defines a "fine" to be a "pecuniary punishment imposed by a lawful tribunal upon a person convicted of a crime or misdemeanor," and this definition has been approved in the cases of People v. Nedrow, 122 Ill. 363, 13 N. E. 533, Hudson v. Granger, 23 Misc. Rep. (N. Y.) 401, 52 N. Y. Supp. 9, and Southern Express Co. v. Commonwealth, 92 Va. 59, 22 S. E. 809, 41 L. R. A. 436. The Supreme Court of North Carolina, in State v. Oswald, defines a "fine" to be a pecuniary punishment for an offense or a contempt committed, imposed by the judgment of a court; and in the case of State v. Steen, 14 Tex. 396, the court said: "The word "fine is derived from 'finis,' and is so called because it puts an end to the offense for which it is imposed." Blackstone says: "A 'fine' is so called because it puts an end not only to the suit thus commenced, but also to all other suits concerning the same matter." Considered in the light of these judicial interpretations of the word "fine," it is plain that the fund in question is not a fine.

Is it a forfeiture? In Black's Law Dictionary a "forfeiture" is defined to be "the incurring of a liability to pay a definite sum of money as the consequence of violating the provisions of some statute or refusal to comply with some requirement of law." It may be said to be a penalty imposed for miscon-

duct or breach of duty, and in our criminal practice arises most frequently in proceedings upon bail bonds and recognizances, the terms of which have been violated. Measured by this definition, it is equally clear that the fund in dispute is not a forfeiture. Being neither a fine nor a forfeiture, and yet being attached to a judgment for a fine, how shall it be classed? Its definition determines its classification. It is a penalty or tax imposed by legislative enactment upon the unsuccessful litigant for having delayed the litigation, and for having kept the successful litigant from sooner collecting his debt — a panacea, as it were, for the law's delay. It is not laid upon the litigant because of any wrong done, or duty violated, but for the sole purpose of preventing useless and frequently vexatious delays in the termination of litigation. Some means had to be adopted that would tend to put an end to useless appeals, which would more frequently than otherwise be brought for the purpose of delay and annoyance. To meet this necessity, the Legislature passed the act imposing upon the unsuccessful appellant from a judgment for the payment of money a penalty in the shape of damages, equal to 10 per cent. of the judgment appealed from.

The judgment is the amount which the defendant is required to pay by the final order of the circuit court. If, upon appeal, this judgment is found to be substantially correct, it is affirmed, and the order of affirmance carries with it the damages, taxed fees and costs, such as are allowed in civil cases; for when appeals are taken from judgments in which fines are imposed they are controlled exclusively by the Civil Code proceedings. Sections 355 and 356 of the Criminal Code of Practice. In civil cases the

damages go to the successful litigant, and in this case the successful litigant is the Commonwealth. Again, the court officers above enumerated are entitled to commissions on judgments for fines and forfeitures only, and, the fund in litigation being neither a fine nor a forfeiture, none of said officials have any interest whatever in it. It is exclusively and entirely the property of the Commonwealth when collected. The Governor's pardon does not reach it, for in his pardoning power he is limited to the remission of the State's part of judgments for fines and forfeitures. He is powerless to relieve one from the payment of any debt or obligation due the State, unless the same be for the satisfaction of a fine or forfeiture. The pardon in this case was exhausted when it had relieved appellee from the payment of the State's part of the $5,000 fine; it affords him no relief as to the damages, any further than it does to the commissions, costs, and taxed fees. The damages go to the State; the commissions, taxed fees, and costs to the court officers.

For the reason indicated, the judgment of the lower court is reversed, and the case is remanded with instructions to the trial court to sustain the demurrer to the answer of defendant B. F. French, as it presents no defense to the claim for the $500 damages.