## Phillips et al. v. Green, Sheriff.

Nov. 5, 1941.

Cleon K. Calvert and W. L. Hammond for appellants.

H. L. Bryant for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The factual situation of the case presents the question of making a new application of familiar law.

A judgment for the net sum of $8,693.32 was rendered against J. L. Phillips and five others as sureties on a bond purporting to guarantee the safety of bank deposits of a school board. An appeal was granted by the Bell Circuit Court. The defendants executed a supersedeas bond and writ of supersedeas issued staying further proceedings. Sections 747, 748, Civil Code of Practice. On May 30, 1939, we dismissed the appeal because the record had not been filed in this court within the time prescribed by Section 738, Civil Code of Practice. Pursuant to the terms of Section 764, Civil Code of Practice, the mandate provided for the recovery of damages by the appellee of 10 per cent. of the amount of the judgment. It was filed in the circuit court on September 12th and judgment was entered there against the appellants for $869.33, with 6 per cent. interest from the date of dismissal of the appeal, and also the costs of the action amounting to $189.95. Before the mandate had issued an appeal was prayed in this court and granted. Sections 734, 745, Civil Code of Practice. A supersedeas bond was at the time executed before the Clerk of the Court of Appeals and another writ of supersedeas issued. In due course the judgment was reversed with directions to dismiss the petition against the defendants because they were not liable on the bond. Phillips v. Board of Education of Pineville, 283 Ky. 173, 140 S. W. (2d) 819.

Some time afterward an execution for the collection of the judgment of $869.33, with interest and costs, was placed in the hands of the sheriff of Bell County. The parties thereupon brought this suit to enjoin its collection upon the ground that as the principal judgment had been reversed and set aside the judgment on the

first supersedeas bond had likewise failed, so that the execution was "without force and of no virtue whatever." The chancellor refused the injunction but directed that the execution be returned and another issue for the sum of $869.33 only instead of that sum with interest and costs. The plaintiffs prosecute this appeal from that judgment and the defendant has been granted a cross appeal from that part which eliminated the interest and costs.

We have a number of cases in which a judgment was affirmed with damages on an appeal granted by this court following the dismissal of an appeal granted by the circuit court. In them it is held that the appellee is entitled to 10 per cent. damages in both instances or on both bonds. Preece v. Burns' Adm'r, 261 Ky. 202, 87 S. W. (2d) 375, is a late one. A diligent search by counsel and by us, as well, has not revealed a case of any court of last resort where the judgment was reversed on the later appeal.

It is contended that damages are not authorized where it has been finally adjudged that the appellant is not liable in a suit for the reason that a judgment for damages on the dismissal of an appeal is supplemental and additional to the principal judgment; that without such a judgment there can be no supplement or addition. To state it another way, it is argued that in the absence of a valid existing judgment for a certain sum there is no basis for computing the damages. The argument is ingenious but we do not think sound. Something added to nothing is still something. But can it be said that at the time the 10 per cent. damages were adjudged there was no judgment? There was in fact a valid and subsisting judgment against the parties, the collection of which they had caused to be stayed by a voluntary contract. According to the terms of the Code, that judgment was the basis for computing the damages. In Empson v. Fortune, 102 Wash. 16, 172 P. 873, 874, a superseded judgment for $1,500 was reversed on a cross-appeal with directions to the trial court to enter judgment for the same amount and something more in favor of the appellees. In an action to recover damages on the supersedeas bond it was contended that because the judgment had been reversed there was no liability on the bond, the argument being in substance that no judgment can be rendered upon a supersedeas bond unless

the judgment appealed from is affirmed. It was rested upon the law as stated in 2 R. C. L. 270, to be that when an order is entered in an appellate court reversing a judgment it is forthwith vacated and no longer remains in existence. In responding to this it was assumed in the opinion arguendo that the disposition of the case was a reversal of the first $1,500, though in substance it was an affirmance. The Code of the state of Washington was quoted. Like Section 748 of our Civil Code of Practice, describing the conditions of a supersedeas bond, it contained the obligation of the appellant to satisfy and perform the judgment if it should be affirmed, "and any judgment or order which the supreme court may render, or make, or order to be rendered or made by the superior court." Rem. Code Wash. 1915, Section 1722. Said the court:

> "This language, it seems to us, renders it plain that a supersedeas bond secures something more than the mere payment of an affirmed judgment. If not, then we are wholly unable to assign any intelligible meaning to the concluding words of this quoted provision."

The sureties on the supersedeas bond were, therefore, held liable.

What is denominated "damages" on a supersedeas bond is not strictly so, for it is at the same time a penalty.

> "It is a penalty or tax imposed by legislative enactment upon the unsuccessful litigant for having delayed the litigation, and for having kept the successful litigant from sooner collecting his debt—a panacea, as it were, for the law's delay. It is not laid upon the litigant because of any wrong done, or duty violated, but for the sole purpose of preventing useless and frequently vexatious delays in the termination of litigation. Some means had to be adopted that would tend to put an end to useless appeals, which would more frequently than otherwise be brought for the purpose of delay and annoyance. To meet this necessity, the Legislature passed the act imposing upon the unsuccessful appellant from a judgment for the payment of money a penalty in the shape of damages, equal to 10 per cent. of the judgment appealed from." Commonwealth v.

French, 130 Ky. 744, 114 S. W. 255, 256, 17 Ann. Cas., 601.

It is of interest to note that the first act establishing the Court of Appeals, in 1792, provided that an appellant should give bond "to the appellee for the due prosecution of an appeal," the penalty to be "a reasonable sum in the discretion of the court." It was further provided that if the judgment should be affirmed the appellant should pay the appellee 10 per cent. on the sum due thereby and his costs. Littell's Laws, page 101. As early as 1802, in Hall v. Kennedy, Sneed Ky. Dec. 124, 2 Ky. 124, a motion by an appellee to dismiss an appeal because the record had not been lodged in time was sustained and damages of 10 per cent. of the amount adjudged. In 1830, in Harrison v. Bank of Kentucky, 3 J. J. Marsh. 375, 26 Ky. 375, it was held that the dismissal of an appeal—the statute expressly calling it such—should be considered as a virtual affirmance of the judgment. From time to time in the course of our opinions, the dismissal of an appeal has been so described. Obviously, it is not strictly an affirmance. If it were there could be no subsequent appeal. But if there is none the dismissal has the effect of an affirmance. Maryland Casualty Co. v. Marshall, 226 Ky. 62, 10 S. W. (2d) 485. Section 757, Civil Code of Practice, expressly authorizes the dismissal of an appeal (a) if it was improperly granted, or (b) if "the appellant's rights [right] to prosecute it further has ceased." Section 748 provides that no supersedeas shall issue to stay proceedings on a judgment until the defendant, as the appellant, shall execute a bond conditioned that he will pay to the appellee (a) "all costs and damages that shall be adjudged against the appellant on the appeal"; and (b) "also, that he will satisfy and perform the judgment appealed from, if it should be affirmed, and any judgment or order which the Court of Appeals may render, or order to be rendered by the inferior court, not exceeding in amount or value the original judgment, and all rents, or hire, or damages to property, during the pendency of the appeal, of which the appellee is kept out of possession by reason of the appeal." Section 761 again specially recognizes the disposition of an appeal by dismissal. It is as follows:

"Upon the affirmance of, or the dismissal of, an appeal from a judgment for the payment of money

or delivery of personal property, the appellee may file in the clerk's office of the inferior court a copy of the mandate of affirmance or order of dismissal—upon which the clerk shall indorse the time of its being filed; and, thereupon, such writs of execution may be issued as if the mandate or order had been entered in the court.''

The bond signed by the appellants in this case upon which the damages were adjudged covenanted ''that the defendants will pay to the plaintiff all costs and damages that may be adjudged against the defendants on the appeal, and also that they will satisfy and perform the entire judgment above stated in case it shall be affirmed and any judgment or order which the Court of Appeals may render or order to be rendered by the inferior court, not exceeding in amount or value the above judgment aforesaid.'' Although neither the amount of damages nor the ground upon which the court might rest its disposition of the case adversely to the appellant is stated, the several Code provisions above outlined were, or course, components of the bond. Failure to prosecute the appeal from the judgment is a breach of the conditions of the bond. The obligation of the parties is contained in a valid and voluntary contract. It is two-fold: (1) If the appeal should be dismissed, it is to pay the damages adjudged by the Court of Appeals. (2) If the judgment should be affirmed expressly or in effect also to pay and satisfy it. Big Sandy Commercial Bank v. Skaggs, 249 Ky. 81, 90 S. W. (2d) 90. The award of damages is mandatory and the right thereto accrues at the time of the dismissal. It becomes fixed when the mandate issues, regardless of the outcome of any subsequent appeal. United States Fidelity & Guaranty Company v. Citizens' National Bank, 147 Ky. 810, 145 S. W. 750; Preece v. Burns' Adm'r, supra; Swofford Bros. Dry Goods Co. v. Livingston, 16 Colo. App. 257, 65 P. 413. This recognizes the fact that bonds given on successive appeals are cumulative in effect, being separate contracts given to secure the fulfillment of the same obligation. First National Bank Bldg. Co. v. Riddle, 77 Okl. 143, 187 P. 479; Gary Realty Company v. Swinney, 322 Mo. 450, 17 S. W. (2d) 505; 4 C. J. 1289; 5 C. J. S., Appeal and Error, Section 2062.

It is observed that in some states where the statute provides for an appeal bond conditioned upon the af-

firmance of a judgment and does not provide for liability otherwise, there is no liability on the bond if the appellant fails to prosecute or perfect the appeal. Seabrook v. State, 28 Ark. 396; Baumgartner v. New Amsterdam Casualty Company, 218 Wis. 442, 261 N. W. 15. But, as disclosed above, the terms of our code of practice and of the bond itself, liability of the obligors includes damages in the nature of a penalty in case of dismissal of the appeal without a decision on the merits of the case. Wermeling v. Wermeling, 224 Ky. 107, 5 S. W. (2d) 893; Preece v. Burns' Adm'r, supra.

We consider the cross appeal. The appellee claims the judgment which awarded interest on the damages from the date the appeal was dismissed was proper under Section 2220 of the Statutes, which provides, ''A judgment shall bear legal interest from its date.'' This court's mandate dismissing the appeal granted by the circuit court stated that the appellee should ''recover of the appellants 10 per cent. damages on the amount of the judgment superseded herein.'' This was in accordance with Section 764, Civil Code of Practice, which does not authorize the allowance of interest on the damages or penalty. In the absence of statutory requirements penalties do not bear interest. The subject is fully considered in Louisville & Nashville Railroad Company v. Melton, 146 Ky. 242, 142 S. W. 382, in which it is held that the amount of 10 per cent. damages, being in the nature of a penalty, does not bear interest. Neither was there authority for including in the judgment the costs of the case, the amount of which, as stated in the execution, was $189.95. Since the judgment which carried the costs against the defendants was reversed, the payment fell upon the plaintiffs in that suit as unsuccessful parties. Section 889, Kentucky Statutes.

The point is made that it was error for the court in the case at bar in effect to set aside the judgment which had been entered on the mandate because the real party in interest, viz., the Board of Education of Pineville, is not a party, and this is a collateral attack upon that judgment. Inasmuch as that part of the judgment was void because there was no law for it and it went beyond the mandate, it was proper for the court to direct that it be ignored. We may add, however, that the appellee in the first appeal was entitled to its costs incurred on the

motion to dismiss. As the sum is nominal, we apply the rule of de minimis non curat lex.

The judgment is affirmed on the direct and cross appeals.