**Brown J. SHARP, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 81–1229.

United States Court of Appeals, Sixth Circuit.

Argued April 29, 1982.

Decided Sept. 27, 1982.

Rehearing and Rehearing En Banc Denied Jan. 25, 1983.

---

Charles R. Hembree, Philip E. Wilson, Lexington, Ky., for petitioner-appellant.

George M. Sellinger, Chief, Branch No. 3, John F. Murray, Michael L. Paup, Richard M. Wilson, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before KEITH and JONES, Circuit Judges, and MILES,* Chief District Judge.

---

\* Hon. Wendell A. Miles, Chief District Judge, Western District of Michigan, sitting by designation.

1.  Section 21.130 provided:
    Upon the affirmance of an appeal, or the dismissal of an appeal after it has been docketed in the court of appeals, where the appeal is from a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided in the

KEITH, Circuit Judge.

The question presented in this appeal is whether sums paid pursuant to Ky. Rev. Stat. § 21.130 [1] constitute "interest" within the ambit of section 163 of the Internal Revenue Code ("IRC"), 26 U.S.C. § 163. The United States Tax Court concluded that Ky. Rev. Stat. § 21.130 failed to satisfy the definition of "interest" because the penal character of the statute is inconsistent with the compensatory purpose of section 163. We agree.

FACTS:

The facts are not in dispute. On January 11, 1972, petitioner-appellant, Brown J. Sharp, and Sarah R. Sharp were granted a divorce. The Fayette Circuit Court of Lexington, Kentucky awarded Sarah Sharp the lump sum of $74,055.00 as part of the divorce settlement for their jointly acquired property. Mr. Sharp appealed. Pursuant to Ky. Rev. Stat. § 21.130, Sharp posted a "supersedeas bond" in an amount equal to ten percent of the judgment. The supersedeas bond stayed the execution of the judgment pending the termination of the appeal. Sharp's appeal was partially successful. The amount of the judgment, payable as a lump sum, was reduced from $74,055 to $61,488. *See Sharp v. Sharp,* 491 S.W.2d 639 (Ky. 1973). On remand, the Kentucky court ordered Sharp to pay his former wife the reduced judgment and an additional $6,148.00 denoted as "supersedeas damages".

Sharp paid both the underlying judgment and the "supersedeas damages" award. However, on his 1975 income tax return, Sharp deducted the $6,148.00 supersedeas damage payment as interest under section 163(a). Subsequently, the Commissioner of the Internal Revenue Service ("Commis-

Rules of Civil Procedure, ten percent damages on the amount superseded shall be awarded against the appellant.
In 1976, section 21.130 was repealed by Ky. Rev. Stat. § 26A.300(1) (Baldwin). The current enactment is virtually identical to the former, except to the extent that the first appeal, "as of right," is exempted from the damage assessment.

sioner") issued a statutory notice of deficiency. The Commissioner found that the supersedeas damages were not "interest" within the meaning of section 163. The Tax Court agreed and sustained the deficiency. *Sharp v. Commissioner,* 75 T.C. 21 (1980). Sharp appeals.

DISCUSSION:

Supersedeas damages are assessed under the following circumstances:

(1) A monetary judgment has been rendered against the appellant;

(2) The appellant dockets an appeal of the judgment;

(3) The appellant exercises his right to stay execution on the judgment, or portion thereof, by filing a supersedeas bond in accordance with the Kentucky Rules of Civil Procedure;[2] and,

(4) the judgment is affirmed or the appeal is dismissed.

The damages amount to ten percent of the superseded portions of the judgment. It should be noted that the damages are not assessed on that portion of the judgment which is not appealed pursuant to Ky. Rev. Stat. § 21.130. Moreover, no damages are awarded for any portion of the judgment which is not affirmed on appeal. *Sharp v. Sharp,* 516 S.W.2d 875, 879 (Ky. App. 1974). If a superseded judgment is affirmed on appeal and the provisions of the judgment require periodic or installment payments, the damages are assessed only on the amounts due and payable at the date of the affirmance. *See E.I. DuPont deNemours and Company v. Connick,* 420 S.W.2d 129 (Ky. App. 1967).

## I.

On appeal to this Court, Sharp contends that the purpose of Ky. Rev. Stat. § 21.130 is compensatory. That is, the statute was intended to compensate the judgment creditor for the delay in collecting the judgment caused by an unsuccessful appeal. The government urges that Ky. Rev. Stat. § 21.130 was designed to penalize unsuccessful litigants for needlessly prolonging litigation. The government's position is that monies paid under a statute cannot constitute "interest" if the purpose of that statute is punitive rather than compensatory. This presumption appears to find support in the classic definition of interest. *See Old Colony Railroad Co. v. Commissioner,* 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484 (1932) (compensation for the use or forebearance of money). However, as the Tax Court noted, this case poses a legal issue for which we found no authoritative precedent. *Sharp,* 75 T.C. at 25.

Section 163(a) allows a taxpayer to deduct "all interest paid or accrued within the taxable year on indebtedness." For federal tax purposes, "interest" is given its usual and ordinary meaning. *Old Colony Railroad Co.,* 284 U.S. at 561, 52 S.Ct. at 214. In *Thompson v. Commissioner,* 73 T.C.

---

**2.** The pertinent procedural rules are Rules 62.-03 and 73.04, Kentucky Rules of Civil Procedure. Rule 62.03 provides in relevant part as follows:

(1) When an appeal is taken the appellant may stay enforcement of the judgment by giving a supersedeas bond as provided in Rule 73.04. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court or the clerk, and the clerk shall give prompt notice of such approval to the party or parties in whose favor the judgment was rendered.

The pertinent provision of Rule 73.04 provides: When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the circuit court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond. When the judgment determines the disposition of the property in controversy as in real actions or replevin, or when such property is in the custody of the sheriff, or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs of appeal, interest, and damages for delay. A supersedeas bond may be given to stay proceedings on a part of a judgment, and in such case the bond shall be varied so as to secure the part superseded.

878, 887 (1980), the Tax Court indicated that "[i]nterest is commonly defined as the amount paid per unit of time for use of borrowed money." The United States Supreme Court has defined interest as "the amount one has contracted to pay for the use of borrowed money, *Old Colony Railroad Co.,* 284 U.S. at 560, 52 S.Ct. at 213, and as "compensation for the use or forebearance of money". *Deputy v. du Pont,* 308 U.S. 488, 498, 60 S.Ct. 363, 368, 84 L.Ed. 416 (1940). *Cf. Meilink v. Unemployment Reserves Commission of California,* 314 U.S. 564, 570, 62 S.Ct. 389, 392, 86 L.Ed. 458 (1942) (where the Court, in a bankruptcy proceeding, described a penalty "as a fixed *ad valorem* amount taking no account of time").

The intent of the Kentucky legislature in enacting the "supersedeas damages" provision, Ky. Rev. Stat. § 21.130, is uncertain. There is no legislative history concerning the statute.[3] In *Commonwealth v. French,* 130 Ky. 744, 114 S.W. 255 (App. 1908), however, the Kentucky Court of Appeals described the purpose of the damages awarded under the precursor of Ky. Rev. Stat. § 21.130 as follows:

It is a penalty or tax imposed by the legislative enactment upon the unsuccessful litigant for having kept the successful litigant from sooner collecting his debt—a panacea, as it were, for the law's delay. *It is not laid upon the litigant because of any wrong done, or duty violated, but for the sole purpose of preventing useless and frequently vexatious delays in the termination of the litigation.* Some means had to be adopted that would tend to put an end to useless appeals, which would more frequently than otherwise be brought for the purpose of delay and annoyance. To meet this necessity, the Legislature passed the act imposing upon the unsuccessful appellant from a judgment for the payment of money a penalty in the shape of damages equal to ten · percent of the judgment appealed from.

*Id.* at 256 (emphasis added). *See also Solter v. Sandy Valley Grocery Company,* 352 S.W.2d 816, 817 (Ky. App. 1961); *Phillips v. Green,* 288 Ky. 202, 155 S.W.2d 841, 843 (App. 1941). However, other decisions of the Kentucky courts support the taxpayer's contention that Ky. Rev. Stat. § 21.130 is compensatory in nature. *Baker v. Fidelity and Deposit Company of Maryland,* 355 S.W.2d 150 (Ky. App. 1962).

The Tax Court noted that the *French* court's characterization of the damages provision was somewhat inconsistent. Consequently, the Court found that the statute was designed to serve both compensatory and punitive functions. However, the Tax Court concluded:

[t]he *principal and dominant* motive behind K.R.S. 21.130 is to discourage a would be appellant from bringing an appeal with little or no chance of success, simply for the purpose of delaying collection on the judgment or harassing the opposing party. [A]lthough the judgment creditor obviously derives a benefit from the damage assessment, he is best described as an incidental beneficiary of a regulatory measure whose principal purpose is to curb the number of frivolous appeals which might otherwise find their entry into the judicial system unobstructed.

*Sharp,* 75 T.C. at 13. We agree.

The fact that Ky. Rev. Stat. § 360.040[4] specifically provides for statutory interest as compensation to judgment creditors further supports the Tax Court's conclusion that compensation to the judgment creditor

---

3. The State of Kentucky does not codify the legislative history of its statutes.

4. During the taxable year in question, Ky. Rev. Stat. § 360.040 (Baldwin) provided:

A judgment shall bear legal interest from its date. A judgment may be for the principal and secured interest; but if rendered from accruing interest, it shall bear interest only according to its term. Provided, that when a claim for unliquidated damages is reduced to judgment, such judgment may bear less interest than 6% if the court rendering such judgment, after a hearing on that question, is satisfied that the rate of interest should be less than 6%. All interested parties must have due notice of said hearing.

is merely incidental. An unpaid judgment accrues interest while its appeal is pending. Its affirmance or the dismissal of the appeal triggers the award of interest pursuant to Ky. Rev. Stat. § 360.040 in addition to the supersedeas damages. *See generally Stephens v. Stephens,* 300 Ky. 769, 190 S.W.2d 327 (1945). In fact, the taxpayer in the case at bar was required to pay interest upon both the unpaid judgment *and* the supersedeas damages. The existence of Ky. Rev. Stat. § 360.040 and its operation support our conclusion with regard to Ky. Rev. Stat. § 21.130. Indeed, it would be anomalous for there to be "interest paid on an award of interest".

Further, the repeal of Ky. Rev. Stat. § 21.130 sheds some light on its function. In 1976, the Kentucky Legislature added section 115 to its constitution, granting litigants a constitutional right to appeal in all civil and criminal cases. Previously, this right had been granted by statute. With the adoption of this section, Ky. Rev. Stat. § 21.130 was repealed and Ky. Rev. Stat. § 26A.300(1) enacted. This step was apparently taken to "insure that there would be no penalty assessed for an appeal brought as a matter of right under section 115." *Ash v. Security National Insurance Company,* 574 S.W.2d 346 (Ky. App. 1978). We agree with the logic of the Tax Court viewing this repeal. It noted:

> If the principal aim of K.R.S. 21.130 were to provide compensation for delay, it is difficult to understand why the creation of a constitutional right to appeal should necessitate its repeal. On the other hand, if the statute is viewed as a deterrent measure designed to discourage the bringing of appeals which have little merit, the repeal makes a great deal more sense.

*Sharp,* 75 T.C. at 30. Our consideration of the above factors leads us to conclude that former Ky. Rev. Stat. § 21.130 served a much different purpose than the compensatory function of section 360.040.

 The government also contends that the supersedeas damages arise without reference to the amount of time the judg-

ment holder is deprived of his money, and therefore, the provision fails to satisfy section 163. The government maintains that this is prima facie, if not conclusive evidence, that the sum is not "interest". *But see, e.g., Wilkerson v. Commissioner,* 70 T.C. 240, 253 (1978), *rev'd. and remanded,* 655 F.2d 980 (9th Cir. 1981). We reject such an argument. Whether or not the payment of money is dependent on time is only one factor to be weighed in determining whether it is interest. The presence or absence of such a factor should be given neither *prima facie* nor conclusive weight in making such a determination.

We do not hold that the primary or dominant purpose of a damages provision, such as here, is determinative of its status as "interest". However, in view of the Kentucky scheme and for the reasons previously noted, we hold that amounts assessed under Ky. Rev. Stat. § 21.130 do not constitute interest under section 163. Accordingly, the judgment below is affirmed.