Felicia M. WATTS, Executrix of the Estate of Brent E. Watts, Deceased, Appellant,

v.

LABORATORY CORPORATION OF AMERICA, Appellee.

No. 2003–CA–001851–MR.

Court of Appeals of Kentucky.

April 30, 2004.

Rehearing Denied June 16, 2004.

---

Stephen L. Hixson, Bowling Green, KY, appellant.

John R. Grise, Shawn Rosso Alcott, Kerrick, Stivers & Coyle PLC, Bowling Green, KY, for appellee.

Before BUCKINGHAM, JOHNSON, and KNOPF, Judges.

## OPINION

KNOPF, Judge.

Felicia M. Watts, as executrix of the estate of Brent E. Watts, deceased, appeals from an order of the Warren Circuit Court denying the estate's motion to impose a penalty on Laboratory Corporation of America pursuant to KRS 26A.300. We agree with the estate that the penalty is mandatory when a judgment has been superseded while an ultimately unsuccessful motion for discretionary review is pending, even if the judgment was satisfied before the motion was denied. Hence, we reverse the circuit court's order and remand for entry of a judgment imposing the penalty.

The underlying facts of this action are not in dispute. Brent Watts brought a medical negligence claim against Dr. Stephen Hodge and Dr. Hodge's employer, Laboratory Corporation of America (LabCorp). He alleged that Dr. Hodge negligently mis-diagnosed a biopsy as benign, and that the tumor had metastasized by the time it was correctly diagnosed. Following an eight-day trial in 1999, a jury awarded Watts a total of $2,828,108.41 against Dr. Hodge and LabCorp, jointly and severally.

Watts died shortly after the trial, and his estate was substituted as a party. Dr. Hodge and LabCorp each appealed from the judgment, and they jointly filed a su-

persedeas bond suspending enforcement of the judgment.[1] In an unpublished opinion rendered on April 13, 2001, this Court affirmed the judgments against Dr. Hodge and LabCorp.[2]

At that point, Dr. Hodge satisfied a portion of the judgment, $1,800,000.00, plus interest, and took no further action. LabCorp, on the other hand, filed a motion for discretionary review of this Court's opinion.[3] Seven months later, LabCorp paid the balance of the judgment, plus interest, to Watts's estate. The motion remained pending for another six months, until the Supreme Court denied discretionary review on September 18, 2002.

Thereafter, the estate filed a motion requesting that the trial court impose an appeal penalty pursuant to KRS 26A.300. The trial court initially denied the motion based upon the erroneous assumption that LabCorp had withdrawn the motion for discretionary review. In ruling on a subsequent motion to alter, amend or vacate, CR 59.05, the trial court conceded its prior error, but nevertheless concluded that no penalty was due under KRS 26A.300. Watts's estate now appeals from this order.

As a preliminary matter, LabCorp has moved this Court to strike portions of the estate's brief, and the motion was passed to this panel on the merits. Lab-Corp criticizes several statements in the estate's brief which speculate about Lab-Corp's motivation for seeking discretionary review. LabCorp also objects to a hypothetical set out in the estate's brief, which it argues bears no resemblance to the facts of the current case. We find no merit to LabCorp's motion to strike.

This Court has the authority to strike portions of pleadings, briefs, or the record based upon any party's failure to comply with the rules relating to appeals.[4] However, LabCorp does not point to any rule of appellate procedure that the allegedly offending remarks violate. The estate's speculation about LabCorp's motivations, while largely irrelevant to this appeal, do not suggest any scandalous, illegal or improper conduct. Furthermore, this Court will not strike a portion of a brief simply because a legal argument might be faulty. Indeed, after considering LabCorp's brief, we conclude that its motion to strike is not well taken.[5] Accordingly, LabCorp's motion to strike is denied.

1. In addition, the intervening plaintiff, Kentucky Medical Insurance Company (KMIC), filed a cross-appeal from the trial court's judgment finding it liable pursuant to its policy with Dr. Hodge.

2. *Hodge v. Watts, et al.*, No.1999–CA–000980–MR; *Laboratory Corporation of America v. Watts, et al.*, No.1999–CA–001012–MR; *Watts v. Laboratory Corporation of America, et al.*, No.1999–CA–1066–MR; *Laboratory Corporation of America v. Kentucky Medical Insurance Company, et al.*, No.1999–CA–001639–MR; and *Kentucky Medical Insurance Company v. Laboratory Corporation of America, et al.*, No.1999–CA–001699.

3. *Laboratory Corporation of America v. Watts*, No.2001–SC–000633. LabCorp filed a separate motion for discretionary review from the portion of this Court's opinion that affirmed the trial court's rulings relating to KMIC. *Laboratory Corporation of America v. Kentucky Medical Insurance Company*, No.2001–SC–000622. This latter motion was withdrawn, apparently following a settlement of those claims.

4. CR 73.02(2)(b).

5. As an appendix to its brief, LabCorp included a pleading filed with the Kentucky Supreme Court in response to the estate's motion to deny the motion for discretionary review as moot. In that motion, LabCorp's counsel stated that, although LabCorp had satisfied the judgment, it still had much at stake in pursuing the motion for discretionary review due to the potential of a loss-of-consortium action brought by Watts's children. While the estate characterizes these

■ The substantive question in this case concerns the trial court's interpretation of "appeal penalty" provisions set out in KRS 26A.300. KRS 26A.300(1) states that no damages shall be assessed on a party's first appeal as a matter of right as contemplated by Section 115 of the Kentucky Constitution. Subsections (2) and (3) further provide:

(2) When collection of a judgment for the payment of money has been stayed as provided in the Rules of Civil Procedure pending any other appeal, damages of ten percent (10%) on the amount stayed shall be imposed against the appellant in the event the judgment is affirmed or the appeal is dismissed after having been docketed in an appellate court.

(3) Similar damages of ten percent (10%) shall be imposed when a petition for writ of certiorari, petition for rehearing, or other petition which stays collection of a judgment for the payment of money is denied by an appellate court under circumstances not constituting a first appeal under subsection (1) of this section.

■ The trial court reasoned that the principal motive behind KRS 26A.300 is to discourage frivolous appeals that would otherwise create unnecessary delay in collection for vindicated plaintiffs.[6] The trial court found that no appeal penalty should be imposed because LabCorp had not acted in bad faith in seeking discretionary review. However, the purpose of KRS 26A.300 is not to punish a litigant for any wrong done.[7] Indeed, the statute would be ill-suited to achieve that end. The mere denial of a motion for discretionary review "does not indicate approval of the opinion or order sought to be reviewed and shall not be cited as connoting such approval."[8] Similarly, the decision by the Kentucky Supreme Court to deny discretionary review does not imply that the motion was frivolous or brought in bad faith. Furthermore, appellate courts have the authority to impose penalties for a frivolous appeal or motion under CR 11 and 73.02(4). Thus, we disagree with the trial court that LabCorp's motives for filing the motion are relevant.

■ Rather, KRS 26A.300 imposes a penalty upon the unsuccessful litigant for having delayed the litigation, and for having kept the successful plaintiff from sooner collecting his judgment.[9] The central question in this case is whether that delay must extend to the actual denial of the motion for discretionary review, or whether the mere filing of an unsuccessful motion triggers the plaintiff's entitlement to the penalty. This is a question of statuto-

motivations as "frivolous", LabCorp has essentially conceded the factual point offered by the estate that LabCorp pursued the motion for discretionary review to avoid liability under principles of collateral estoppel in a subsequent action. In addition, LabCorp has included in its appendix the exhibits which were attached to its Supreme Court pleadings. These documents, settlement correspondence from the estate's counsel, are entirely irrelevant to the matters pending in this appeal. Moreover, these letters are clearly outside of the record on appeal, in violation of CR 76.12(4)(vii). We have disregarded these materials in our consideration of this appeal.

6. Citing *Sharp v. Commissioner of Internal Revenue*, 689 F.2d 87, 90 (6th Cir., 1982) and former KRS 21.130.

7. *Coomer v. Gray*, Ky., 750 S.W.2d 424, 427 (1988); citing *Phillips v. Green*, 288 Ky. 202, 155 S.W.2d 841, 843 (1941).

8. CR 76.20(9)(a).

9. *Coomer v. Gray*, 750 S.W.2d at 427; citing *Phillips v. Green*, 155 S.W.2d at 843.

ry interpretation, which we review *de novo*.[10]

This Court has stated that a fundamental rule of statutory construction is to determine the intent of the legislature, considering the evil the law was intended to remedy.... To determine legislative intent, a court must refer to the words used in enacting the statute rather than surmising what may have been intended but was not expressed.... Similarly, a court may not interpret a statute at variance with its stated language. Moreover, [w]here a statute on its face is intelligible, the courts are not at liberty to supply words or make additions which amount, as sometimes stated to providing *casus omissus*, or cure an omission, however just or desirable it might be to supply an omitted provision. It makes no difference that it appears the omission was mere oversight.[11]

As previously noted, the purpose of KRS 26A.300 is to impose a penalty upon an appellant who pursues an unsuccessful second appeal and thereby delays the plaintiff's collection of his or her judgment. Under subsection (2) of the statute, the penalty is to be imposed when: (1) the collection of the judgment has been stayed pending the second appeal; and (2) the judgment is affirmed *or* the appeal is dismissed after having been docketed in the appellate court. Thus, under subsection (2), the mere filing of an ultimately unsuccessful second appeal triggers the penalty.

We conclude that the same reasoning applies to subsection (3) of the statute. The appeal penalty does not, as the trial court opined, represent a windfall to the appellee. KRS 26A.300(3) clearly contemplates that a litigant who seeks discretionary review while the judgment is superseded bears the risk of an unsuccessful outcome. A judgment creditor is entitled to enforcement of the judgment, and any period that judgment is superseded following a matter-of-right appeal delays enforcement of the judgment. Although LabCorp satisfied the judgment six months before the Kentucky Supreme Court denied its motion for discretionary review, the judgment had been superseded for seven months while the motion was pending. "To permit an appellant to stay and delay without penalty, as was done in this case, contravenes the purpose of the penalty provision and is wrong."[12] Consequently, the trial court erred in denying the estate's motion for a 10% penalty pursuant to KRS 26A.300(3). However, contrary to the estate's request for relief, this penalty does not bear interest.[13]

Accordingly, the order of the Warren Circuit Court is reversed, and this matter is remanded for entry of a judgment imposing the statutory appeal penalty on the portion of the judgment that was superseded while the motion for discretionary review was pending before the Kentucky Supreme Court.

ALL CONCUR.

10. *Revenue Cabinet v. Hubbard*, Ky., 37 S.W.3d 717, 719 (2000).

11. *Commonwealth v. Allen*, Ky., 980 S.W.2d 278, 280–81 (1998) (*citations and internal quotations omitted*).

12. *Rice v. Conley*, Ky., 419 S.W.2d 769, 770 (1967); *quoting Baker v. Fidelity & Deposit Company of Maryland*, Ky., 355 S.W.2d 150, 151 (1962) (*referring to former KRS 21.130*).

13. *Phillips v. Green*, 288 Ky. 202, 155 S.W.2d 841, 844 (1941).