EAGLE LUMBER & SUPPLY Co. *et al. v.* ROBERTSON.

(In Banc. June 15, 1931.)

[135 So. 499. No. 28897.]

For former opinion, see 134 So. 162.

Brief of appellee on motion, **Chas. S. Campbell**, of Jackson.

**Green & Green,** of Jackson, for appellant.

Argued orally by **Marcellus Green**, for appellant, and by **Chas. S. Campbell**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant recovered a judgment in the court below against the appellee for a sum of money, but, being dissatisfied with the amount thereof, brought the case to this court.

On a former day of this term, the decree of the court below was affirmed, and a motion is now made by the appellee to correct the judgment of affirmance by adding thereto a judgment against the appellant for five per cent of the amount of the judgment appealed from. The motion is based on section 3387, Code of 1930, which provides that: ''In case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect the supreme court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum. If the judgment or decree be for the possession of real or personal property, the damages shall be assessed on the value of the property,'' etc.

The appellant's contention is that the statute ''proceeds upon the hypothesis that the appellant is the party against whom the judgment was rendered,'' and imposes damages on an unsuccessful appellant in an appeal from a money judgment or decree only when the judgment or

decree is for a sum of money against him. This legislative intent, it says, not only appears from the statute, but is demonstrated by the history thereof. As it appeared in the Code of 1880 as section 1422, its language was: "If the judgment or decree affirmed be for a sum of money adjudged or decreed against the appellant, the damages shall be upon such sum." It was brought forward into the Code of 1892 as section 4360 thereof, without change in this connection, but when it appeared in the Code of 1906 as section 4926, and in the Code of 1930 as section 3387, the words "adjudged or decreed against the appellant" were omitted therefrom. This omission, according to the appellant, was for the reason that the words omitted were surplusage, and added nothing to the plain intent of the legislature as expressed in the statute without them.

We are unable to adopt that view of the matter. The statute, without the insertion of the words "adjudged or decreed against the appellant" between the words "for a sum of money" and the words "the damages shall be" seems clearly to impose damages on an unsuccessful appellant in an appeal from a judgment or decree for a sum of money without reference to whether the judgment or decree was for or against the appellant. The omission of the quoted language seems clearly to indicate that the legislature intended thereby to broaden the scope of the statute.

The statute is plain and unambiguous, and therefore its scope cannot rightfully be limited unless not so to do would do violence to the intent and purpose of the legislature. Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L. R. A. (N. S.) 541, Ann. Cas. 1914B, 392. In Tigner v. McGehee, 60 Miss. 242, it was said that the statute was intended to penalize an appellant "for appealing from a proper judgment or decree," and in Meek v. Alexander, 137 Miss. 117, 102 So. 69, 70, that the statute "is in the nature of a penalty, or a condi-

tion of appeal, and affords also the basis of remuneration of the expense to the successful party.'' Any or all of these purposes apply with equal force to an appeal from a judgment in favor of an appellant, as from a judgment against him.

The case of Canal Bank & Trust Co. v. Brewer, 147 Miss. 885, 113 So. 552, 114 So. 127, 128, relied on by the appellant, in which the court held that the statute did not apply to an interlocutory appeal to settle the principles of the case, has no application here, for such an appeal, as the court there said, is ''for the benefit of all parties to the cause.''

The motion prays for a judgment for five per cent damages against both the appellant and the surety on his appeal bond. This bond does not include a supersedeas and is for costs only, from which it follows that, while the appellant is liable for five per cent damages, Tigner v. McGehee, supra, the surety on his appeal bond is not. Section 3390, Code 1930; Humphreys v. Thompson (Miss.), 130 So. 152.

The motion will be sustained to the extent that the judgment hereinbefore rendered will be corrected so as to award a judgment against the appellant, but not against its surety, for five per cent on the amount of the judgment appealed from.

So ordered.