## Stephens v. Stephens.

June 12, 1945.

Joe Hobson for appellant.

J. W. Howard for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER— Reversing.

The opinion on the first appeal appears in 298 Ky. 638, 183 S. W. 2d 822. The original judgment entered November 18, 1940, was reversed, with directions that the amount chargeable to the appellant on that appeal,

who is the appellee on this appeal, be reduced from Two Thousand Seven Hundred Two Dollars and Twenty-Eight Cents ($2,702.28) to One Thousand Six Hundred Fifty-Eight Dollars and Twenty-Eight Cents ($1,658.28). On return of the case, the Special Judge followed the direction of this Court, but refused to allow interest from the date of the original judgment. This was error. The effect of the decision on the first appeal was to uphold the judgment of the lower Court to the extent of $1,-658.28; and, since interest runs from the date of the judgment, interest on this amount should have been allowed in the judgment entered by the Special Judge. KRS 360.040.

On the original appeal, complaint was made of the 1940 judgment directing the sale of an oil and gas lease. The opinion mentioned the fact that this complaint was made, but did not discuss the question. Since the opinion did not specifically reverse the judgment in that respect, and did not reserve the question, the effect was to affirm that part of the judgment. Appalachian Stave Co. v. Pickard, 266 Ky. 565, 99 S. W. 2d 472. The Special Judge refused to enforce the order of sale, conceiving that he had no jurisdiction of the question. Here, again, we think he was in error. The order directing the sale of the lease, having been affirmed by this Court on the original appeal, was conclusive of the rights of the parties in respect to the sale of the lease, and appellant is entitled to have that order enforced.

On return of the case, the judgment herein appealed from will be set aside, and another entered in conformity with this opinion.

Judgment reversed.