### Combs v. Combs et al.

March 14, 1947.

J. B. Johnson, Judge.

Hiram H. Owens for appellant.

Victor A. Jordan for appellee Chester A. Hammons.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

This appeal is the aftermath of a divorce case which reached this court and was decided January 29, 1946. Combs v. Combs, 301 Ky. 463, 192 S. W. 2d 395. In the divorce proceeding the circuit court granted the plaintiff, Grace Golden Combs, an absolute divorce from her husband, Lincoln Combs, custody of their child then five years of age, $50 a month for the support of the child,

alimony in the sum of $2,500, subject to a credit of $200, and allowed her $250 as a fee for her attorney. The judgment was rendered July 21, 1945, and on July 24, 1945, Lincoln Combs executed a supersedeas bond with Chester A. Hammons as his surety. This court affirmed the judgment, and its mandate was filed in the Knox circuit court on March 9, 1946. After the mandate was filed, a supplemental judgment was entered allowing the plaintiff $250 as a fee for her attorney for services on her behalf on the appeal. On March 14, 1946, Mrs. Combs brought this action against Lincoln Combs and Chester A. Hammons on the supersedeas bond to recover $2,300, with interest from July 21, 1945, 10 per cent. penalty on the principal sum, $250 allowed as attorney fee, with interest and 10 per cent. penalty, the costs in the former action, and the further sum of $250 allowed as a fee for the services of her attorney on the appeal. The defendant Chester A. Hammons filed a separate answer and cross-petition in which he denied the averments of the petition except that he signed the supersedeas bond, and asked for a judgment against his co-defendant, Lincoln Combs, for any sum found to be due which he might be required to pay. He alleged that Lincoln Combs had paid $2,588.50 on the judgment. When the divorce action was instituted, an attachment was issued, and $2,588.50 belonging to the defendant Lincoln Combs was attached in the hands of the sheriff, and after the judgment was affirmed the attached fund was applied thereon. Upon submission of the case, the court entered a judgment against Lincoln Combs for the full amount claimed in the petition except damages on the $250 allowed to the plaintiff as a fee for her attorney in the divorce action in the Knox circuit court. The court refused to enter a judgment against Chester A. Hammons, surety on the supersedeas bond, for $250 allowed in the supplemental judgment in the divorce proceeding as a fee to the plaintiff's attorney for his services on the appeal. The court also refused to enter a judgment against Hammons for the monthly installments of $50 for the support of the child beyond the date the mandate was filed in the Knox circuit court. Hammons paid the judgment against him after it had been credited with $2,588.50, the attached fund. His payment included the $50 monthly installments from July 21,

1945, to March 9, 1946, with interest and 10 per cent. damages on each installment. The plaintiff appeals.

It is argued that because the supersedeas bond stayed the collection of the fee allowed to plaintiff's attorney, she is entitled to 10 per cent. damages thereon. Section 764 of the Civil Code of Practice provides that upon the affirmance of a judgment for the payment of money, the collection of which has been suspended, 10 per cent. damages on the amount superseded shall be awarded against the appellant. In construing this section of the Code, we have consistently held that damages will not be awarded on costs adjudged in the lower court. Kelly v. Kelly, 183 Ky. 576, 209 S. W. 335. In Edelston v. Edelston, 173 Ky. 252, 190 S. W. 1083, 1085, the wife was granted a divorce and the custody of an infant child, and the husband was adjudged to pay the costs, including a fee to his wife's attorney. He appealed and executed a supersedeas bond. The wife's motion to dismiss the appeal was sustained, but her motion for 10 per cent. damages on the costs, including the attorney's fee, was overruled. The court said:

"It is well settled that on the affirmance or dismissal of an appeal, 10 per cent. damages will not be allowed upon the costs adjudged the appellee by the lower court."

The fee allowed to the wife's attorney in a divorce action is part of the costs. Maher v. Maher, 295 Ky. 263, 174 S. W. 2d 289; Hartkemeier v. Hartkemeier, 248 Ky. 803, 59 S. W. 2d 1014; Ratliff v. Ratliff, 193 Ky. 708, 237 S. W. 397.

Appellant further contends that she is entitled to a judgment against the surety on the supersedeas bond for $250, the fee allowed in the supplemental judgment in the divorce action for her attorney's services on the appeal. It is a firmly established rule that a fee allowed for an attorney's services on appeal does not constitute an element of damage in an action on the supersedeas bond. Dowling's Adm'x v. Walker, 120 Ky. 528, 87 S. W. 281; Welch v. Welch, 106 Ky. 406, 50 S. W. 687.

Appellant finally contends that the court erred in refusing to adjudge that the surety on the bond is liable for the payment beyond March 9, 1946, of the $50 month-

ly allowance for the benefit of the child. The correctness of so much of the judgment as required the surety to pay the installments falling due prior to the filing of the mandate in the Knox circuit court is questioned by the appellee Hammons, but he paid these sums with interest thereon and penalties, and has not cross-appealed. Consequently, that question is not presented, but, in passing, it may be noted that this court has held that pending appeal in a divorce case, the circuit court retains jurisdiction of all matters pertaining to the care and custody of the children of the parties. Duncan v. Burnett, 292 Ky. 269, 166 S. W. 2d 419. Whatever may be the correct rule as to the liability of appellee Hammons on the bond for the payments which matured before the filing of the mandate in circuit court, plainly he is not liable for subsequent payments. The appellant has not been, and will not be, prevented from collecting these payments by reason of the supersedeas bond. She has not been kept out of possession of the payments by reason of the appeal, nor has she been deprived of any remedy at law for collecting each payment as it becomes due.

The judgment is affirmed.