Busby *v.* Ingalls Shipbuilding Corp., et al.

No. 41172          May 25, 1959          112 So. 2d 376

*Donald W. Cumbest,* Pascagoula; *Travis & Moore,* Jackson, for appellant.

*White & White,* Gulfport, for appellees.

McGEHEE, C. J.

We affirm and remand this cause for the reason that we find that the decision of the Workmen's Compensation Commission, modifying the order of the attorney-referee, and the action of the circuit court in affirming the dicision of the commission is not only supported by substantial evidence but is also supported by a preponderance of the evidence.

Affirmed and remanded.

*Lee, Holmes, Arrington* and *Gillespie, JJ.,* concur.

ON MOTION FOR STATUTORY DAMAGES OF FIVE PERCENT AND INTEREST.

McGEHEE, C. J.

This motion asks for an award of five percent statutory damages on the compensation awarded, and for six percent interest on the compensation due and payable beginning with the date of the attorney-referee's order of July 23, 1958.

The five percent damages are not allowable under the decision of this Court rendered on a motion to correct judgment in the case of M. T. Reed Construction Co. v. Martin, 215 Miss. 472, 61 So. 2d 300; Eagle Lumber & Supply Co. v. Robertson, 161 Miss. 17, 135 So. 499; and McArdle's Estate v. City of Jackson, 215 Miss. 571, 61 So. 2d 400, 63 So. 2d 101.

The claimant, Bilbo Busby, is the one who appealed from the award made by the Workmen's Compensation Commission, which was affirmed by the circuit court, and we affirmed the action of the commission and of the circuit court. In other words, the claimant was the unsuccessful appellant on the appeal to this Court, and is not entitled to the five percent damages on the amount that his own appeal delayed him in collecting, and he is also not entitled to the same for the reasons stated

in the case of M. T. Reed Construction Co. v. Martin, supra, according to the opinion rendered by the Court on motion to correct judgment therein.

The motion of the appellant for six percent interest ''on the compensation due and payable beginning with the date of the attorney-referee's order, July 23, 1958, * * *, and all costs incurred herein'' is overruled except to the extent that said interest is allowed on the unpaid monthly installments from their due dates up to the date of the commission's order of September 5, 1958, modifying the attorney-referee's order of July 23, 1958. Of course the unsuccessful appellant on this appeal, the claimant, is to pay the costs incurred by the appeal from the commission's order to the circuit court and from the circuit court to this court.

Motion sustained in part and overruled in part.

*Lee, Holmes, Arrington* and *Gillespie, JJ.,* concur.