**150**

William A. Miller, Miller & Howard, Louisville, for appellants.

Kent McElwain, Louisville, for appellee.

BIRD, Judge.

Harold L. Baker and Carol Flamm sued Nicholas DeToro for damages in the Jefferson Circuit Court. Upon the verdict of a jury a judgment was entered awarding damages to Harold L. Baker in the sum of $5,437.50 and to Carol Flamm in the sum of $500. This judgment was entered on June 24, 1959.

After the disposition of various motions, DeToro, on July 31, 1959, filed a notice of appeal. Thereafter, on August 3, 1959, he executed a supersedeas bond with Fidelity and Deposit Company of Maryland as surety whereupon an order of supersedeas was entered and the execution stayed.

DeToro, however, did not further pursue his appeal and filed no record or any part thereof with the Clerk of the Court of Appeals.

Thereupon Harold L. Baker and Carol Flamm filed a copy of the judgment together with a motion to dismiss the appeal and award each of them the ten percent penalty provided by KRS 21.130.

An order was entered sustaining the motion to dismiss but no mention was made in that or any other order concerning the motion to recover the penalty.

On the margin of the motion there was a notation indicating that the motion to dismiss was sustained and that the motion for a penalty of ten percent was overruled. This notation bore the initials of the chief justice and the initials of the then court administrator, all of which was in the handwriting of the administrator. There is in the record of this appeal a letter signed by a deputy clerk dated October 15, 1959, asserting that the motion to dismiss was sustained and that the motion for penalty was overruled. The information in the letter was taken apparently from the margin notation which was erroneous. This Court's order simply dismissed the appeal. There is nothing in the record of this Court to show that the motion for penalty was ever considered.

After the appeal was dismissed and the judgment for damages became final in the Jefferson Circuit Court, Harold L. Baker and Carol Flamm moved the Jefferson Circuit Court to enter a judgment against Fidelity and Deposit Company awarding a penalty of ten percent to each of them. The trial court overruled the motion. Baker and Flamm have appealed to this Court.

The record discloses no reason for the trial court's action. Appellee, however, argues that the trial court was correct in overruling the motion for penalty upon two grounds. First, appellee claims that the issue was litigated and determined by this Court. It quotes the clerk's correspondence as evidence. This Court speaks through its orders and there is no order on the issue of penalty. Consequently, we see no merit in the argument. Second, appellee claims that, under KRS 21.130, the penalty is payable only after the appeal has been docketed in the Court of Appeals.

It is true that DeToro never caused the record or any part of it to be filed or docketed in the Court of Appeals but he did, by filing a notice of appeal and supersedeas bond, delay the execution and collection of the judgment for which the penalty provision of the statutes is intended to provide compensation.

To permit an appellant to stay and delay without penalty, as was done in this case, contravenes the purpose of the penalty provision and is wrong. See Solter v. Sandy Valley Grocery Company, Ky., 352 S.W.2d 816, for a quite similar situation.

Though DeToro did not cause the case to be docketed, it was nevertheless docketed within the meaning of KRS 21.130 when Baker and Flamm caused the judgment to be filed and with it a motion to dismiss and award a penalty under KRS 21.130.

The appeal has been dismissed and the case has been docketed and the reasons given for overruling the motion in the circuit court are without merit.

The internal operation of the Court has been changed so as to prevent a recurrence of the situation revealed by this record and the previous one.

The judgment is reversed with directions to award each appellant a ten percent penalty provided however that the bond is otherwise valid.