**E. I. DuPONT de NEMOURS & COMPANY and Insurance Company of North America, Appellants,**

v.

**Barbara F. CONNICK et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 27, 1967.

Edgar A. Zingman, A. Wallace Grafton, Jr., Wyatt, Grafton & Sloss, Louisville, for appellants.

Edwin A. Schroering, Jr., Louisville, for appellees.

PALMORE, Judge.

In E. I. DuPont de Nemours & Company v. Connick, Ky., 400 S.W.2d 522 (1966), this court affirmed a judgment of the Jefferson Circuit Court which had confirmed a workmen's compensation award to the appellee herein, Barbara F. Connick, individually and in behalf of her infant son, in the amount of $34 per week for 400 weeks plus a $500 burial allowance, arising from the death of her husband. Cf. KRS 342.070, 342.075, 342.160. The appellant company (hereinafter DuPont) had superseded the judgment pursuant to KRS 342.300.

On March 12, 1966, when the mandate was issued, $4,000 of the original award was due and payable, and it was promptly paid. DuPont's tender of $400 in satisfaction of the 10% penalty imposed by KRS 21.130 was rejected. Mrs. Connick contended she was entitled to $1,410, being an amount equal to 10% of the entire award, including all payments due and to become due. The circuit court agreed and entered a judgment accordingly. DuPont's motion for an appeal to this court was sustained.

In Rice v. Conley, Ky., 419 S.W.2d 769 (decided today), it was settled that the statutory 10% penalty applies only to the amount of money the supersedeas bond has prevented the successful party from being able to collect during the pendency of the appeal and until the mandate was issued. In this respect, the key words of KRS

21.130 are, *"the collection of which * * * has been superseded,"* etc. (Emphasis ours.) As stated in Solter v. Sandy Valley Grocery Company, Ky., 352 S.W.2d 816 (1961), the 10% damages are payable by reason of the delay *"in the collection"* of the debt.

The judgment is therefore reversed for further proceedings consistent herewith.

All concur.