235 So.2d 281 (1970)
Mrs. Vertie Lee Johnson PEARCE
v.
FORD MOTOR CO. et al.
No. 45609.
Supreme Court of Mississippi.
April 13, 1970.
Burgin, Gholson, Hicks & Nichols, Columbus, for appellant.
Watkins & Eager, Elizabeth Hulen, Hassell H. Whitworth, Jackson, for appellees.

*282 ON MOTION TO CORRECT JUDGMENT
GILLESPIE, Presiding Justice.
This motion seeks to correct the judgment in which Mrs. Vertie Lee Pearce, who initiated the appeal to this Court, was assessed five percent damages in accordance with Mississippi Code 1942 Annotated, Section 1971 (1956) and, also, the costs of the appeal. The judgment as entered in regards to the five percent damages is proper; the costs are assessed one-half to each party.
Mrs. Pearce brought a personal injury action against Ford Motor Company, hereinafter Ford, and a second defendant in the Circuit Court of Webster County. The jury returned a $2,000 award in favor of Mrs. Pearce as to Ford, but found for the other defendant. Thereupon, Mrs. Pearce perfected an appeal to this Court only as to Ford contending that the trial court erroneously overruled her motion for a new trial on the sole issue of damages which she alleged to be inadequate. Ford entered a cross appeal asserting that it had been entitled to a directed verdict. This Court on January 20, 1970, affirmed without opinion both the direct appeal of Mrs. Pearce and the cross appeal of Ford. Accordingly, the clerk entered judgment which reads in part:
It is further ordered and adjudged that the appellees (sic) do have and recover of and from the appellant the sum of $100 being damages at the rate of 5 per centum as allowed by statute and from the appellant and * * * sureties on the appeal bond herein, all of the costs of this appeal for which let proper process issue.
Mrs. Pearce maintains that the statutory damages were improperly assessed against her and further that Ford being cross appellant should be required to pay the costs of appeal. The present status of Mrs. Pearce is that of an unsuccessful appellant and successful cross appellee who was a successful, but dissatisfied, plaintiff below; Ford is a successful appellee and unsuccessful cross appellant against whom the jury verdict was rendered.
On the issue of the five percent statutory damages, the pertinent portion of Section 1971 is as follows:
In case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect the Supreme Court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum.
Eagle Lumber and Supply Co. v. Robertson, 161 Miss. 17, 135 So. 499 (1931), involved a motion by appellee to correct judgment. There the appellant, having received a judgment in trial court, was dissatisfied with the amount and prosecuted an appeal to this Court where the judgment was affirmed. Motion was filed by the appellee to correct the judgment of affirmance so as to have the five per cent statutory damages assessed against the unsuccessful appellant who, as in the case here, obtained a judgment in trial court.
The Court in the Eagle decision observed:
The appellant's contention is that the statute "proceeds upon the hypothesis that the appellant is the party against whom the judgment was rendered," and imposes damages on an unsuccessful appellant in an appeal from a money judgment or decree only when the judgment or decree is for a sum of money against him. This legislative intent, it says, not only appears from the statute, but is demonstrated by the history thereof. As it appeared in the Code of 1880 as section 1422, its language was: "If the judgment or decree affirmed be for a sum of money adjudged or decreed against the appellant, the damages shall be upon such sum." It was brought forward into the Code of 1892 as section *283 4360 thereof, without change in this connection, but when it appeared in the Code of 1906 as section 4926, and in the Code of 1930 as section 3387, the words "adjudged or decreed against the appellant" were omitted therefrom. This omission, according to the appellant, was for the reason that the words omitted were surplusage, and added nothing to the plain intent of the Legislature as expressed in the statute without them.
We are unable to adopt that view of the matter. The statute, without the insertion of the words "adjudged or decreed against the appellant" between the words "for a sum of money" and the words "the damages shall be" seems clearly to impose damages on an unsuccessful appellant in an appeal from a judgment or decree for a sum of money without reference to whether the judgment or decree was for or against the appellant. The omission of the quoted language seems clearly to indicate that the Legislature intended thereby to broaden the scope of the statute.
The statute is plain and unambiguous, and therefore its scope cannot rightfully be limited unless not so to do would do violence to the intent and purpose of the Legislature. Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L.R.A.(N.S.), 541, Ann.Cas. 1914B, 392. In Tigner v. McGehee, 60 Miss. 242, it was said that the statute was intended to penalize an appellant "for appealing from a proper judgment or decree," and in Meek v. Alexander, 137 Miss. 117, 102 So. 69, 70, that the statute "is in the nature of a penalty, or a condition of appeal, and affords also the basis of remuneration of the expense to the successful party. Any or all of these purposes apply with equal force to an appeal from a judgment in favor of an appellant, as from a judgment against him. (161 Miss. at 21, 22, 23, 135 So. at 499, 500).
The motion in Eagle was sustained to the extent that the five per cent penalty was assessed against the unsuccessful appellant in whose favor a judgment had been rendered in the trial court.
In Parker v. Claypool, 223 Miss. 213, 218, 78 So.2d 124, 884 (1955), the motion of the unsuccessful appellant to correct judgment by having the assessment of the five per cent damages eliminated was sustained. We are of the opinion that Parker v. Claypool incorrectly construes Section 1971, and it is overruled. Section 1971 was properly construed in the Eagle decision. In Parker v. Claypool no tenable reason was given for not applying the rule laid down in Eagle. The plain words of the statute require the assessment of the statute in the present case. A different question might arise where the suit involved two wholly separable controversies and the plaintiff prevailed in the trial court as to one and unsuccessfully appealed as to the other.
As to costs of the appeal, this Court is authorized to assess costs in certain cases as it deems proper. Miss.Code 1942 Ann., § 1593 (1956). Thereupon, we are of the opinion that the costs of this appeal should be assessed one-half to each party. See Shipman v. Lovelace, 215 Miss. 141, 60 So.2d 559 (1952).
Motion to correct judgment sustained in part and overruled in part.
ETHRIDGE, C.J., and BRADY, PATTERSON, SMITH and ROBERTSON, JJ., concur.
RODGERS, JONES and INZER, JJ., dissent.
INZER, Justice (dissenting).

ON MOTION TO CORRECT JUDGMENT
I must dissent in this case for the reason I am of the opinion that Eagle Lumber and Supply Co. v. Robertson, 161 Miss. 17, *284 135 So. 497 (1931) relied upon by the majority was erroneously decided and that it ignores the proper rule of construction to be applied when words are omitted from the statute on a revision of the Code. I am fortified in this belief in that this Court on at least two occasions has refused to follow the rule announced therein.
In Millwood v. State, 190 Miss. 750, 1 So.2d 582 (1941) Justice Griffith writing for the Court stated:
But here the change was in a general revision of the statutes of the state, and as to this the authorities all say that "no rule of statutory construction rests upon better reasoning than that in the revision of statutes, alteration of phraseology, the omission or addition of words, will not necessarily change the operation or construction of former statutes. The language of the statute as revised or the legislative intent to change the former statute must be clear before it can be pronounced that there is a change of such statute in construction and operation." Cole v. Sloss-Sheffield Steel & Iron Co., 186 Ala. 192, 65 So. 177, 178, Ann.Cas. 1916E, 99. And see the text, and the numerous cases cited in 59 C.J., pp. 894-896.
The authorities recognize that brevity, conciseness, abridgment and condensation are among the ends towards which code revisions strive, and that these rather than changes in the meaning and purpose of the incorporated statutes are the objects, unless the purpose to change the meaning and effect of a particular statute is so plainly apparent and no other conclusion can be reasonably entertained. (Emphasis added.) (190 Miss. at 756, 1 So.2d at 583).
The writer of the opinion in Eagle Lumber Co., supra, dissented in this case and relied upon the rule announced therein. The case of Quitman County v. Turner, 196 Miss. 746, 18 So.2d 122 (1944) involved the construction of statutes brought forward in the Code of 1930 concerning county judges and their salaries in which certain changes were made. The court repeated the rule of construction announced in Millwood v. State, supra, and the writer of the opinion in Eagle Lumber Co. again dissented and relied upon the rule of construction announced therein.
It is my opinion in Parker v. Claypool, 223 Miss. 213, 78 So.2d 124 (1955) this Court recognized that Eagle Lumber Co., was erroneously decided but since the rule announced therein as to assessments of damages has been followed for so many years declined to overrule the case in toto, but in effect did overrule it in part.
For the foregoing reasons I would hold that Eagle Lumber Co., supra, was erroneously decided and that its result is mischievous and that it should now be overruled. The majority has blindly followed the reasoning in Eagle Lumber Co. and ignored the decisions which, in my opinion, have completely discredited this case. If we are to uphold the decision in Eagle Lumber Co. we should do so for the reason that the rule as to the assessment of damages on appeal has been followed by this Court for so many years that we now prefer that any change be left to the legislature, but we should not give our approval to the unsound rationale of the case.
RODGERS and JONES, JJ., join in this dissent.