BROWN J. SHARP, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3963–79.    Filed October 6, 1980.

*Charles R. Hembree* and *Philip E. Wilson*, for the petitioner.
*Eugene P. Bogner*, for the respondent.

OPINION

DAWSON, *Judge*: This is a companion case to *Sharp v. Commissioner*, 75 T.C. 32 (1980), decided this day.

Respondent determined a deficiency of $4,366.68 in petitioner's Federal income tax for the year 1975 and an addition to tax under section 6651(a)[1] in the amount of $655.34. As a result of concessions by the parties, the only issue presented for decision is whether petitioner is entitled to an interest deduction under section 163 for the amount of supersedeas damages State law required him to pay to his former wife for having unsuccessfully appealed a portion of a monetary judgment awarded to her in connection with a divorce proceeding.

This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and joint exhibits are incorporated herein by reference. The pertinent facts are summarized below.

Brown J. Sharp (petitioner) was a resident of Lexington, Ky., at the time the petition in this case was filed. He filed his 1975 Federal income tax return with the Internal Revenue Service Center in Memphis, Tenn. Prior to 1972, petitioner had been married to Sarah R. Sharp. On May 19, 1971, Mrs. Sharp filed suit for divorce in the Fayette Circuit Court, Lexington, Fayette County, Ky. On January 11, 1972, the Fayette Circuit Court entered a judgment in that action granting Mrs. Sharp an absolute divorce from petitioner. Paragraph 3 of the judgment also ordered the division of the couple's jointly acquired property, as follows:

3. By way of division of the jointly acquired property of the parties, the plaintiff, Sarah R. Sharp, be, and is hereby awarded as her absolute property, the following: one 1968 Plymouth station wagon; the horse van; all household furnishings in the possession of the plaintiff; all horses and the diamond ring in the plaintiff's possession, and the defendant, Brown J. Sharp, shall execute and deliver to the plaintiff, Sarah R. Sharp, any papers and documents necessary to vest the title to any of said property in the plaintiff, Sarah R. Sharp. The plaintiff, Sarah R. Sharp, is further awarded by way of division of jointly acquired property, the sum of Seventy-four Thousand Fifty-five ($74,055.00) Dollars * * *

---

[1] All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise indicated.

Petitioner filed a timely appeal from the judgment with the Court of Appeals of Kentucky.

Under the Kentucky Rules of Civil Procedure, an appellant may stay execution on a judgment pending the outcome of an appeal provided he posts a surety bond to guarantee satisfaction of the judgment and any costs, interest, or damages for delay occasioned by the appeal should the judgment be affirmed or the appeal dismissed.[2] In accordance with these rules, petitioner filed a supersedeas bond with the Clerk of Fayette Circuit Court in which he superseded certain portions of the judgment entered on January 11, 1972, including the following portion of paragraph 3 thereof: "The plaintiff, Sarah R. Sharp, is further awarded by way of division of jointly acquired property, the sum of Seventy-four Thousand Fifty-five ($74,055.00) Dollars."

On March 2, 1973, the Court of Appeals affirmed in part and reversed in part the judgment of the trial court and remanded the case for further findings of fact. *Sharp v. Sharp*, 491 S.W.2d 639 (Ky. Ct. App. 1973). On remand, the Fayette Circuit Court interpreted the opinion of the Court of Appeals as having affirmed the lump-sum award at the reduced amount of $61,488.

---

[2]The pertinent procedural rules are rules 62.03 and 73.04, Ky. R. Civ. P. Rule 62.03 provides in relevant part:

"(1) When an appeal is taken the appellant may stay enforcement of the judgment by giving a supersedeas bond as provided in Rule 73.04. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court or the clerk, and the clerk shall give prompt notice of such approval to the party or parties in whose favor the judgment was rendered."

Rule 73.04, as it existed during the taxable year in issue, provided as follows:

"Whenever an appellant entitled thereto desires a stay on appeal, as provided in Rule 62.03, he may present to the circuit clerk or the court for approval an executed supersedeas bond with good and sufficient surety. The address of the surety shall be shown on the bond. The bond shall be in a fixed amount and conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, including costs on the appeal and interest as the Court of Appeals may adjudge. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the circuit court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond. When the judgment determines the disposition of the property in controversy as in real actions or replevin, or when such property is in the custody of the sheriff, or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay. A supersedeas bond may be given to stay proceedings on a part of a judgment, and in such case the bond shall be varied so as to secure the part superseded."

Accordingly, in its judgment on remand entered on September 21, 1973, the court ordered petitioner to pay Mrs. Sharp supersedeas damages equal to 10 percent of the amount affirmed, or $6,148.80. The authority for the assessment of damages was derived from Ky. Rev. Stat. Ann. sec. 21.130 (Baldwin) (hereinafter K.R.S. 21.130), which then provided: [3]

Upon the affirmance of an appeal, or the dismissal of an appeal after it has been docketed in the Court of Appeals, where the appeal is from a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided in the Rules of Civil Procedure, ten percent damages on the amount superseded shall be awarded against the appellant.

The judgment on remand was subsequently affirmed by the Court of Appeals of Kentucky on October 25, 1974. *Sharp v. Sharp*, 516 S.W.2d 875 (Ky. Ct. App. 1974). The judgment, including the supersedeas damages of $6,148.80, was paid in full by petitioner on or about January 24, 1975. Petitioner deducted the $6,148.80 as interest on his 1975 income tax return.

We must decide whether the supersedeas damages paid by petitioner constitute deductible interest under section 163(a), which allows a deduction for "interest paid or accrued within the taxable year on indebtedness." Interest is generally defined for Federal income tax purposes as "compensation for the use or forebearance of money." *Deputy v. du Pont*, 308 U.S. 488, 498 (1940); *Wilkerson v. Commissioner*, 70 T.C. 240, 253 (1978), on appeal (9th Cir., Oct. 1, 1979). The Supreme Court has stated

---

[3] K.R.S. 21.130 was repealed by 1976 Ky. Acts, ch. 59, sec. 1. In its place the Kentucky legislature enacted the following (Ky. Rev. Stat. Ann. sec. 26A.300 (Baldwin)) (hereinafter K.R.S. 26A.300):

"(1) When collection of a judgment for the payment of money has been stayed as provided in the Rules of Civil Procedure, there shall be no damages assessed on the first appeal as a matter of right contemplated by Section 115 of the Constitution of Kentucky.

"(2) When collection of a judgment for the payment of money has been stayed as provided in the Rules of Civil Procedure pending any other appeal, damages of ten percent (10%) on the amount stayed shall be imposed against the appellant in the event the judgment is affirmed or the appeal is dismissed after having been docketed in an appellate court.

"(3) Similar damages of ten percent (10%) shall be imposed when a petition for writ of certiorari, petition for rehearing, or other petition which stays collection of a judgment for the payment of money is denied by an appellate court under circumstances not constituting a first appeal under subsection (1) of this section.

"(4) No additional penalty shall be imposed upon a party as a consequence of a review subsequent to a petition or a second appeal.

"(5) Damages imposed under subsections (2) or (3) of this section shall not be payable and shall be void if the decision of the trial court awarding the payment of money is ultimately reversed."

that interest should be defined according to the "usual, ordinary, and everyday meaning of the term." *Old Colony Railroad Co. v. Commissioner*, 284 U.S. 552, 561 (1932). In determining whether a particular payment constitutes interest, the facts, not the terminology, control the nature of the payment. *Wilkerson v. Commissioner, supra; L-R Heat Treating Co. v. Commissioner*, 28 T.C. 894, 897 (1957). The issue we must address, then, is whether the supersedeas damages constitute compensation for the use or forebearance of money.[4]

Petitioner contends that under State law the damages are intended to compensate the judgment creditor for the delay in collection of the judgment caused by the unsuccessful appeal. Respondent, on the other hand, argues that the damages are in the nature of a penalty intended to punish the unsuccessful litigant for needlessly prolonging the litigation. Although both parties have advanced persuasive arguments for their respective positions, we agree, on balance, with respondent.

At the outset, we note that this case poses a legal issue for which we have found no authoritative precedent to guide us. It is clear, however, that the resolution of this issue requires a careful inquiry into the fundamental nature of the damages imposed by K.R.S. 21.130.

We begin with a summary of the rules governing the assessment of the supersedeas damages. K.R.S. 21.130 calls for a mandatory award of damages under the following circumstances:

(1) A monetary judgment has been rendered against the appellant;

(2) The appellant dockets an appeal of the judgment;

(3) The appellant exercises his right to stay execution on the judgment, or a portion thereof, by filing a supersedeas bond in accordance with the Kentucky Rules of Civil Procedure; and

(4) The judgment is affirmed or the appeal is dismissed. Assuming the foregoing criteria are satisfied, the damages are assessed in an amount equal to 10 percent of the superseded

---

[4]The requirement in section 163(a) that the interest be payable on an "indebtedness" is clearly satisfied in this case. We have previously held that a judgment constitutes indebtedness "of the highest degree known to law." *Bettendorf v. Commissioner*, 3 B.T.A. 378 (1926). The fact that Kentucky law allows the collection of a judgment to be stayed by posting a supersedeas bond does not alter the status of the judgment as a binding legal obligation during the pendency of the appeal.

portion of the judgment. Damages are not assessed with regard to portions of the judgment which were not superseded. Nor are damages awarded on any portion of the judgment which was superseded but not affirmed on appeal. *Sharp v. Sharp*, 516 S.W.2d 875 (Ky. Ct. App. 1974); *Beckman v. Time Finance Co.*, 334 S.W.2d 898 (Ky. Ct. App. 1960); *Sotak v. Sotak*, 438 S.W.2d 490 (Ky. Ct. App. 1969). The damages are not assessed on any costs or attorney's fees awarded to the appellee as part of the original judgment, even though the collection of such amounts is superseded by the appellant. *Combs v. Combs*, 304 Ky. 271, 200 S.W.2d 481 (1947). If a superseded judgment is affirmed on appeal and calls for periodic or installment payments rather than a lump sum, the damages are assessed only on the amounts due and payable as of the date of affirmance. *E. I. Du Pont de Nemours & Co. v. Connick*, 420 S.W.2d 129 (Ky. Ct. App. 1967); *Rice v. Conley*, 419 S.W.2d 769 (Ky. Ct. App. 1967).

The parties have not offered, nor have we been able to discover, any legislative history to indicate the purpose behind the enactment of K.R.S. 21.130.[5] However, Kentucky courts have discussed the nature of the damages on numerous occasions. The leading case is *Commonwealth v. French*, 130 Ky. 744, 114 S.W. 255 (1908), where the Kentucky Court of Appeals described the purpose of the damages as follows (114 S.W. at 256):

It is a penalty or tax imposed by legislative enactment upon the unsuccess-

---

[5]Petitioner argues that the use of the term "damages" in the statute indicates that the payments are intended to compensate the appellee for damages incurred as a result of the delay in collection of the judgment. We are not persuaded, however, that the term necessarily connotes damage to the appellee caused by the delay in collection. If that were the case, it is odd that the Kentucky legislature chose to characterize the payments as damages rather than interest, since the latter classification would certainly be more appropriate. In a broader sense, the term "damages" could also be construed to mean general damages, not necessarily evidenced by specific pecuniary losses, which the appellee may be deemed to suffer simply because of the delay in termination of the litigation. Or the term may refer to damages incurred by the State as a consequence of having its judicial system burdened with a groundless appeal. Consequently, we think the term "damages" is inconclusive as to the purpose of the supersedeas payments.

As further support for his argument, petitioner also cites rule 73.04, Ky. R. Civ. P. (see note 2 *supra*), which provides that an appellant wishing to stay enforcement of a judgment must post a supersedeas bond "conditioned for the satisfaction of the judgment in full together with costs, interest, and *damages for delay*." (Emphasis supplied.) Insofar as monetary judgments are concerned, "damages for delay" presumably refers to the damages authorized by K.R.S. 21.130. For the same reasons cited in the preceding paragraph, we are not convinced that the phrase refers to damages incurred by the appellee as a result of the continued detention of her funds by the appellant.

ful litigant for having delayed the litigation, and for having kept the successful litigant from sooner collecting his debt—a panacea, as it were, for the law's delay. It is not laid upon the litigant because of any wrong done, or duty violated, but for the sole purpose of preventing useless and frequently vexatious delays in the termination of litigation. Some means had to be adopted that would tend to put an end to useless appeals, which would more frequently than otherwise be brought for the purpose of delay and annoyance. To meet this necessity, the Legislature passed the act imposing upon the unsuccessful appellant from a judgment for the payment of money a penalty in the shape of damages, equal to 10 percent of the judgment appealed from.

The preceding language was cited with approval in *Phillips v. Green*, 288 Ky. 202, 155 S.W.2d 841 (1941), and *Solter v. Sandy Valley Grocery Co.*, 352 S.W.2d 816 (Ky. Ct. App. 1961). Unfortunately, the explanation of the damages is somewhat inconsistent. The first sentence in the quoted material suggests that the damages have a dual purpose: to provide reparations and to penalize the appellant for having delayed the litigation with a fruitless appeal. The second sentence, however, states that the "sole purpose" of the damages is to prevent "useless and frequently vexatious delays in the termination of litigation."

In *E. I. Du Pont de Nemours & Co. v. Connick, supra* at 130, the Court of Appeals appeared to suggest a compensatory motive for the damages:

In Rice v. Conley, Ky., 419 S.W.2d 769 (decided today), it was settled that the statutory 10% penalty applies only to the amount of money the supersedeas bond has prevented the successful party from being able to collect during the pendency of the appeal and until the mandate was issued. In this respect, the key words of KRS 21.130 are, *"the collection of which * * * has been superseded,"* etc. (Emphasis ours.) As stated in Solter v. Sandy Valley Grocery Company, Ky., 352 S.W. 2d 816 (1961), the 10% damages are payable by reason of the delay "in the collection" of the debt.

Similarly, in *Baker v. Fidelity & Deposit Co. of Maryland*, 355 S.W.2d 150, 151 (Ky. Ct. App. 1962), the court stated that the damages were intended to provide compensation for the delay in collection of the judgment necessitated by the posting of a supersedeas bond. In contrast, a later case seemed to allude to a punitive aspect of the damages when the court stated that they "are in fact a penalty imposed for appealing an unfavorable judgment." *Ash v. Security National Ins. Co.*, 574 S.W.2d 346, 348 (Ky. Ct. App. 1978).[6]

---

[6]In support of his position that the supersedeas damages are in the nature of interest, petitioner also cites the decision of the United States Supreme Court in *Louisville & Nashville*

Based on these cases, and the mechanics of the statute itself, we think it apparent that K.R.S. 21.130 was designed to serve both compensatory and punitive functions. The compensatory aspect is evidenced by the fact that, with the exception of attorney's fees and costs, the supersedeas damages are assessed only with respect to those portions of the judgment which the appellee was actually delayed from collecting. However, we are convinced that the *principal and predominant* motive behind K.R.S. 21.130 is to discourage a would-be appellant from bringing an appeal with little or no chance of success, simply for the purpose of delaying collection on the judgment or harassing the opposing party. By deterring such appeals, the statute helps eliminate unnecessary delays in the termination of litigation and eases the burden on the appellate courts. Although the judgment creditor obviously derives a benefit from the damage assessment, he is best described as an incidental beneficiary of a regulatory measure whose principal purpose is to curb the number of frivolous appeals which might otherwise find their entry into the judicial system unobstructed.[7]

---

*Railroad Co. v. Stewart*, 241 U.S. 261 (1916). In that case, the appellant objected to the assessment of supersedeas damages by the Kentucky Court of Appeals, apparently on the ground that the damages violated its rights to due process under the 14th Amendment. The Supreme Court dismissed the objection with the following explanation (241 U.S. at 263):

"The first of the other objections is that the Court of Appeals was not authorized to add ten percent damages on the amount of the judgment, as it did. But the Railroad Company obtained a supersedeas, and the law of the State makes ten percent the cost of it to all persons if the judgment is affirmed. There was no obligation upon the State to provide for a suspension of the judgment and nothing to prevent its making it costly in cases where ultimately the judgment is upheld. *So the State may allow interest upon a judgment from the time when it is rendered, if it provides appellate proceedings and the judgment is affirmed, as but for such proceedings interest would run as of course until the judgement was paid.* [Emphasis supplied.]"

From this portion of the opinion, petitioner draws the conclusion that the Supreme Court has characterized the damages as interest. However, the language is somewhat ambiguous, and the Court may have only been stating that damages are similar to statutory interest on outstanding judgments in that both assessments increase the cost of unsuccessful appeals. Moreover, to the extent the Court did intend to refer to the damages as interest, the reference is clearly dicta since the issue of whether the damages constituted interest for Federal income tax purposes was not before the Court. Hence, we think the case has no bearing on our decision here.

[7]Many other States have enacted statutes which are designed to discourage frivolous appeals. In most of these jurisdictions, however, damages are imposed upon the appellant only if the reviewing court determines that the appeal was brought for the purpose of delaying litigation. See, e.g., Ariz. Rev. Stat. sec. 12–2106; Ark. Stat. Ann. sec. 27–2149; Ga. Code Ann. sec. 6–1801; Ind. R. App. P. 15(G); Mich. Stat. Ann. sec. 27A. 2445(3); Ohio Rev. Code Ann. sec. 2505.34 (Page); Pa. Stat. Ann. tit. 12, sec. 1160 (Purdon) (repealed 1978); Wis. Stat. Ann. sec. 251.23(3) (West). Absent unusual circumstances, discretionary awards of this nature would not normally

Our conclusion as to the principal purpose of K.R.S. 21.130 is supported by the fact that Kentucky law already provides compensation for any delay in collecting a judgment by requiring that outstanding judgments bear interest from the date they are rendered. During the taxable year in issue, Ky. Rev. Stat. Ann. sec. 360.040 (Baldwin) (hereinafter K.R.S. 360.040), provided as follows:

> A judgment shall bear legal interest from its date. A judgment may be for the principal and accrued interest; but if rendered for accruing interest, it shall bear interest only according to its terms. Provided, that when a claim for unliquidated damages is reduced to judgment, such judgment may bear less interest than six percent if the court rendering such judgment, after a hearing on that question, is satisfied that the rate of interest should be less than six percent. All interested parties must have due notice of said hearing.

Under this statute, an unpaid judgment accrues interest while the appeal is pending, and should the judgment be affirmed or the appeal dismissed, the interest is awarded *in addition to* any supersedeas damages which may be assessed. We also think it significant that the statute was amended in 1976 to increase the interest rate from 6 percent to 8 percent, presumably to bring the statutory interest rate into line with prevailing market rates for the use or forbearance of money. 1976 Ky. Acts, ch. 59, sec. 2. In our view, K.R.S. 360.040 reflects an ongoing concern of the Kentucky legislature to provide adequate compensation to judgment creditors who, for one reason or another, are unable to secure prompt satisfaction of their judgment debts. This, in

---

qualify as interest since their stated purpose is to punish the appellant rather than compensate the appellee.

At least two States, Mississippi and Virginia, have statutes which are similar to K.R.S. 21.130 in that the award of damages is mandatory in the event the appeal is unsuccessful. Miss. Code Ann. sec. 11–3–23; Va. Code sec. 16.1–113. It is interesting to note that the Supreme Courts of both States have characterized their respective statutes as penalty provisions designed to discourage groundless appeals. *Eagle Lumber & Supply Co. v. Robertson*, 161 Miss. 17, 135 So. 499 (1931); *Nationwide Mutual Ins. Co. v. Tuttle*, 208 Va. 28, 155 S.E.2d 358 (1967). However, despite the mandatory nature of the damage provisions, neither statute is identical to the Kentucky statute. For example, the Mississippi statute has been held to apply to an unsuccessful appeal from any judgment, whether for or against the appellant. *Eagle Lumber & Supply Co. v. Robertson, supra.* The Kentucky statute, in contradistinction, applies only to an unsuccessful appeal from a judgment in favor of the appellee, the collection of which has been stayed by posting a supersedeas bond. Such differences, we think, render our reliance on judicial authority in other jurisdictions unjustified. However, we do think that the profusion of statutory or procedural damage provisions in the various States is significant in one respect: it indicates a widespread concern among the States over the delays caused by meritless appeals. Our interpretation of the purpose of K.R.S. 21.130 is consonant with this prevailing attitude.

turn, provides further support that compensation of judgment creditors was not the primary concern of K.R.S. 21.130.

We realize that the 1976 amendment to the statutory interest rate coincided with the repeal of K.R.S. 21.130 and the enactment of its replacement, K.R.S. 26A.300. (See note 3 *supra*). These three legislative acts comprised chapter 59 of the 1976 Acts of Kentucky. Since K.R.S. 26A.300 no longer provides for the award of supersedeas damages on a first appeal, one could draw the inference that the legislature intended to offset the loss of one means of compensation (damages) by increasing another (interest). Such an inference, we think, is unwarranted. To the contrary, we think the enactment of K.R.S. 26A.300 and the repeal of its predecessor provide additional evidence that the principal purpose of K.R.S. 21.130 was to deter groundless appeals, not compensate for collection delays.

The repeal of K.R.S. 21.130 was discussed in *Ash v. Security National Ins. Co.*, 574 S.W.2d 346 (Ky. Ct. App. 1978). There the court noted that prior to 1976 the right to an appeal in Kentucky was statutory; in 1976, however, section 115 was added to the Kentucky Constitution, which provided a constitutional right to at least one appeal in all civil and criminal cases. The court reasoned that "the legislature apparently repealed K.R.S. 21.130 and enacted K.R.S. 26A.300 to insure that there would be no penalty assessed for an appeal brought as a matter of right under section 115." Thus, under the new statute, an unsuccessful first appeal no longer subjects the appellant to damage liability.

If the principal aim of K.R.S. 21.130 were to provide compensation for delay, it is difficult to understand why the creation of a constitutional right to an appeal should necessitate its repeal. On the other hand, if the statute is viewed as a deterrent measure designed to discourage the bringing of appeals which have little merit, the repeal makes a great deal more sense. Furthermore, it seems obvious to us that a 2-percent increase in the statutory interest rate hardly makes up for the loss of a 10-percent damage assessment. Then, too, one must recognize that the statutory interest on judgments applies to all judgments, not just those which have been superseded in connection with an appeal. For these reasons, we think the purpose of the increase in the rate of interest on judgments was not to mitigate the loss of supersedeas damages on first appeals, but rather to approximate more closely the cost of money in the marketplace.

We are aware that the interest awarded on the judgment against the petitioner did not begin accruing until September 21, 1973, the date on which the Fayette Circuit Court entered its judgment on remand in the case. Thus, petitioner's former wife did not receive any interest for the period beginning January 11, 1972, the date of the original judgment, and ending September 21, 1973, the date of the judgement on remand. Apparently the Kentucky courts do not award interest on an unliquidated claim (such as a claim to a share of marital property) if the original judgment is modified on appeal.[8] The fact remains, however, that judgments in Kentucky are generally required to bear the legal rate of interest beginning with the date of the judgment, and the accrual of interest is not tolled by the filing of an appeal. See *Ridge v. Ridge*, 572 S.W.2d 859 (Ky. 1978); *Elpers v. Johnson*, 386 S.W.2d 267 (Ky. Ct. App. 1965); *Stephens v. Stephens*, 300 Ky. 769, 190 S.W.2d 327 (1945).

Our conclusion as to the principal purpose of the supersedeas damages is further supported by the fact that the damages are computed without reference to the length of the delay caused by the appeal. We realize that this Court and others have previously

---

[8]In *Sharp v. Sharp*, 516 S.W.2d 875, 879 (Ky. Ct. App. 1974), petitioner appealed the judgment on remand and argued that the trial court erred in awarding *any* interest on the judgment. The Court of Appeals found the award to be appropriate since K.R.S. 360.040 requires a judgment to bear interest from its date. However, the Court did not address the issue of whether the interest should have accrued as of the date of the original judgment.

The trial court cited *Clark v. Clark*, 487 S.W.2d 272 (Ky. Ct. App. 1972), as authority for the principle that the property settlement award should not bear interest until the date of the corrected judgment. That case concerned a divorce action in which the trial court awarded the wife lump-sum alimony. The Court of Appeals subsequently determined the award of alimony to be inappropriate. On remand, the trial court ordered the husband to pay the wife a lump sum as part of the division of their marital property, but allowed the wife no alimony. The lump sum was ordered to be paid in installments bearing interest as of the date of the original judgment. The husband appealed, claiming that interest should only have been awarded as of the date of the corrected judgment. The Court of Appeals agreed, stating that, until the final judgment, the wife had only an unliquidated claim against her husband which could not bear interest until it had been reduced to final judgment.

It would appear that the facts of *Sharp* are distinguishable from those of *Clark* in that the corrected judgment in *Sharp* merely reduced the size of the previous award of jointly owned property, whereas in *Clark*, the corrected judgment ordered an award of jointly owned property in lieu of alimony. As a result, it could be argued that, to the extent the lump-sum award was affirmed on appeal, it constituted a liquidated claim as of the date of the original judgment and should have earned interest from that date forward. Cf. *Stephens v. Stephens*, 300 Ky. 769, 190 S.W. 2d 327 (1945).

Even if *Clark* was properly applied in the instant case, it remains a limited exception to the general rule that a judgment must bear interest from its date. Consequently, K.R.S. 360.040 will normally provide compensation to a litigant who is prevented from collecting a judgment pending the outcome of an appeal, provided the appeal is unsuccessful.

held certain payments to be deductible interest despite the absence of a direct correlation between the amount charged and the term of the loan. See, e.g., *Wilkerson v. Commissioner, supra; Hyde v. Commissioner,* 64 T.C. 300 (1975); *Dorzback v. Collison,* 195 F.2d 69 (3d Cir. 1952). Nevertheless, we think that the presence of a time factor, while not conclusive, is strong evidence that a payment constitutes compensation for the use of money. See *Intercounty Operating Corp. v. Commissioner,* 4 T.C. 55 (1944); *District Bond Co. v. Commissioner,* 1 T.C. 837 (1943). In the present case, the amount of damages assessed depends solely on the size of the superseded judgment, and bears no relationship, either explicit or implicit, to the length of the stay of execution.

Since we have determined that the damages are primarily intended to deter groundless appeals rather than to compensate judgment creditors for the use of their funds, we hold that the amounts are not interest in the ordinary and everyday meaning of the term. Accordingly, petitioner is not entitled to a deduction for the damages under section 163. To reflect concessions by the parties and our resolution of the disputed issue,

*Decision will be entered under Rule 155.*