*Decision will be entered under Rule 155.*

SALLY E. SHARP, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3428–79.     Filed October 6, 1980.

*Thomas E. Bulleit, Jr.*, for the petitioner.
*Eugene P. Bogner*, for the respondent.

OPINION

DAWSON, *Judge*: This is a companion case to *Sharp v. Commissioner*, 75 T.C. 21 (1980), decided this day.

Respondent determined a deficiency of $2,760.49 in petitioner's Federal income tax for 1975. Due to concessions by the parties, the only issue for our decision is whether petitioner must include in her gross income supersedeas damages which her former husband was required to pay her as a consequence of having unsuccessfully appealed a portion of a monetary judgment awarded to her in a divorce proceeding.

The facts of this case have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and joint exhibits are incorporated herein by reference. The pertinent facts are summarized below.

Sally E. Sharp (the petitioner, who is also referred to as Sarah R. Sharp in the stipulated facts and exhibits filed in this case) resided at 411 Kenilworth, Lexington, Ky., when she filed her petition in this case. She filed her 1975 Federal income tax return with the Internal Revenue Service Center in Memphis, Tenn.

Petitioner and Brown J. Sharp (hereinafter Mr. Sharp) were married on May 24, 1957. On May 19, 1971, petitioner filed suit for divorce in the Fayette Circuit Court, Lexington, Fayette County, Ky. On January 11, 1972, the Fayette Circuit Court entered a judgment in that action granting petitioner an absolute divorce from Mr. Sharp. Paragraph 3 of the judgment also ordered the division of the couple's jointly acquired property, as follows:

3. By way of division of the jointly acquired property of the parties, the plaintiff, Sarah R. Sharp, be, and is hereby awarded as her absolute property, the following: one 1968 Plymouth station wagon; the horse van; all household furnishings in the possession of the plaintiff; all horses and the diamond ring in the plaintiff's possession, and the defendant, Brown J. Sharp, shall execute and deliver to the plaintiff, Sarah R. Sharp, any papers and documents necessary to vest the title to any of said property in the plaintiff, Sarah R. Sharp. The plaintiff, Sarah R. Sharp, is further awarded by way of division of jointly acquired property, the sum of Seventy-four Thousand Fifty-five ($74,055.00) Dollars * * *

Mr. Sharp filed a timely appeal from the judgment with the Court of Appeals of Kentucky.

Under the Kentucky Rules of Civil Procedure an appellant may stay execution on a judgment pending the outcome of an appeal provided he posts a surety bond to guarantee satisfaction of the judgment and any costs, interest, or damages for delay occasioned by the appeal should the judgment be affirmed or the appeal dismissed. In accordance with these rules, Mr. Sharp filed a supersedeas bond with the clerk of Fayette Circuit Court in which he superseded certain portions of the judgment entered on January 11, 1972, including the following portion of paragraph 3 thereof: "The plaintiff, Sarah R. Sharp, is further awarded by way of division of jointly acquired property, the sum of Seventy-four Thousand Fifty-five ($74,055.00) Dollars."

On March 2, 1973, the Court of Appeals affirmed in part and reversed in part the judgment of the trial court and remanded the case for further findings of fact. *Sharp v. Sharp*, 491 S.W.2d 639 (Ky. Ct. App. 1973). On remand, the Fayette Circuit Court interpreted the opinion of the Court of Appeals as having affirmed the lump-sum award at the reduced amount of $61,488. Accordingly, in its judgment on remand entered on September 21, 1973, the court ordered Mr. Sharp to pay petitioner supersedeas damages equal to 10 percent of the amount affirmed, or $6,148.80. The authority for the assessment of damages was derived from Ky. Rev. Stat. Ann. sec. 21.130 (Baldwin) (hereinafter K.R.S. 21.130), which then provided:

> Upon the affirmance of an appeal, or the dismissal of an appeal after it has been docketed in the Court of Appeals, where the appeal is from a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided in the Rules of Civil Procedure, ten percent damages on the amount superseded shall be awarded against the appellant.

The judgment on remand was subsequently affirmed by the Court of Appeals of Kentucky on October 25, 1974. *Sharp v. Sharp*, 516 S.W.2d 875 (Ky. Ct. App. 1974). The judgment, including the supersedeas damages of $6,148.80, was paid in full by Mr. Sharp on or about January 24, 1975. Petitioner did not report the $6,148.80 as income on her 1975 income tax return. In his statutory notice of deficiency, respondent determined that the amount was properly includable in petitioner's gross income.

Petitioner maintains that the supersedeas damages should be characterized as a part of the division of marital property

ordered by the court in the divorce decree. Under this theory, the damage payments represent an additional nontaxable distribution from her former husband in satisfaction of her marital property rights. Respondent argues that the damages are unrelated to the property settlement and must be included in petitioner's gross income under section 61.[1] We agree with respondent.

In *Sharp v. Commissioner, supra,* we considered the issue of whether the supersedeas damages could be deducted as interest under section 163 by the payor. We concluded that the principal purpose of the damages was to deter frivolous appeals, not to compensate the judgment creditor for the use of her funds during the pendency of the appeal. Thus, we held that the damages were not in the nature of interest and denied the deduction.

In this case, we are asked to consider the taxable status of the payments from the standpoint of the recipient. Since we have disallowed an interest deduction for the damages, they obviously do not qualify as interest income under section 61(a)(4). Nevertheless, we must decide whether the damages are taxable under the broader mandate of section 61(a), which states that gross income includes "all income from whatever source derived." This catchall provision has been given an expansive interpretation by the Supreme Court. See *Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426 (1955); *James v. United States,* 366 U.S. 213 (1961). In *Glenshaw Glass,* the Court held that punitive damages awarded in an antitrust lawsuit constituted gross income to the recipient and offered the following rationale (348 U.S. at 431):

> Here we have instances of undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion. The mere fact that the payments were extracted from the wrongdoers as punishment for unlawful conduct cannot detract from their character as taxable income to the recipients.

We see no meaningful distinction between *Glenshaw Glass* and the present case. We have concluded that K.R.S. 21.130 was designed to discourage frivolous appeals by imposing a penalty on the unsuccessful litigant in the form of damages payable to

---

[1] All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated.

the appellee. Yet, despite the punitive nature of the damages, they still constitute realized accessions to the wealth of the recipient over which she has complete dominion and control. See also *General American Investors Co. v. Commissioner*, 348 U.S. 434 (1955).

Petitioner denies that the damages have resulted in any accession to her wealth. On the contrary, she would have us characterize the damages as a nontaxable payment in satisfaction of her preexisting marital property rights. We think this argument is without merit. The supersedeas damages are not assessed until after the judgment of the trial court is rendered, and then only if the judgment is superseded pending an appeal which proves to be unsuccessful. Other than the requirement that the judgment be a monetary judgment, the damages are assessed without regard to the type of judgment or the nature of the underlying litigation. For these reasons, we see no basis for treating the damage award as an intrinsic part of the property settlement incident to the divorce.

Accordingly, we hold that petitioner must include the supersedeas damages in her gross income pursuant to section 61. To reflect concessions by the parties and our resolution of the disputed issue,

*Decision will be entered under Rule 155.*

